**RAILROAD COMMISSION OF TEXAS et al. v. INTERSTATE MOTOR FREIGHT LINES, Inc.**

**No. 1718.**

Court of Civil Appeals of Texas. Waco.
Jan. 10, 1935.

C. S. Bradley, of Groesbeck, T. S. Christopher, of Austin, and Carl L. Phinney, of Dallas, for appellants.

Reed & Cannon, of Groesbeck, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the court granting a temporary injunction. Appellee, Interstate Motor Freight Lines, Inc., instituted this suit in the district court of Freestone county against appellants, the Railroad Commission of Texas, the several individual members thereof, and Jim Sessions, sheriff of Freestone county, "and all peace officers commissioned and operating in the state of Texas," to restrain them, and each of them, from arresting appellee's agents and employees engaged in operating its trucks on Highway No. 75 in this state.

Appellee alleged that it had theretofore, on the 15th day of December, 1933, applied to the Railroad Commission for a permit to operate twenty-five trucks between Dallas and Houston on State Highway No. 75; that its application was refused because said highway was congested. Appellee further alleged that thereafter, on May 25, 1934, the commission granted it a permit to operate seven motortrucks in exclusive interstate transportation service between certain designated points on some thirteen different highways, only two of which highways enter Dallas; that the highways designated in said permit were in such condition that it could not operate its trucks thereon. Appellee further alleged that

subsequent to the issuance of its permit to operate over other highways as aforesaid, the Railroad Commission had permitted other motor carriers who had permits over other highways to operate on Highway No. 75, but had refused to permit it to operate thereon. Whether such permission was upon formal application or merely by acquiescence, whether temporary or permanent, and the considerations upon which such permission was granted or acquiesced in, were not stated. Appellee charged discrimination against it, but its specific allegations were insufficient to support such contention and consisted of mere conclusions of the pleader.

Appellee's petition being duly verified, the court granted thereon a temporary injunction restraining appellants, and each of them, from arresting, molesting, or interfering with its agents and employees while operating its trucks on said highway.

### Opinion.

 Appellee assails herein the action of the Railroad Commission in refusing it a permit to operate its trucks as a contract carrier on said Highway No. 75. No other right is asserted, and no other relief except permission to so operate is sought. Appellee's action is therefore within the provisions of Vernon's Ann. Civ. St. art. 911b, § 20, which, so far as applicable herein, provides, in substance, that if any motor carrier be dissatisfied with any decision of the commission, such carrier, after failing to get relief from the commission, may file its suit setting forth its objection to such decision in the district court of Travis county. Provision is made in said section for a speedy hearing and final determination of the contentions of the complainant. The jurisdiction so vested in the district court of Travis county is exclusive and not a mere question of venue. Every suit brought for the purpose of annulling, modifying, or setting aside a decision of the commission valid on its face must be brought in said county. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.(2d) 364, 367 et seq., pars. 3, 4 and 7, and authorities there cited, and page 372; Railroad Commission of Texas v. Weld & Neville, 95 Tex. 278, 282, 66 S. W. 1095; Texas Steel Co. v. Fort Worth & D. C. R. Co., 120 Tex. 597, pars. 1 and 2, 40 S.W.(2d) 78; Mingus v. Wadley, 115 Tex. 551, 557 et seq., 285 S. W. 1084.

Appellee's allegations are wholly insufficient to show that the proceedings of the commission in hearing and refusing its application for permission to operate as a contract carrier on Highway 75 were invalid, and that such invalidity appeared on the face thereof. A franchise to operate motor vehicles for hire on a public highway in this state is a privilege, the granting of which is subject to all reasonable regulations prescribed by the state. Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 325 (second column), 69 L. Ed. 623, 38 A. L. R. 286; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 259 (bottom first column), 68 L. Ed. 596; West v. City of Waco, 116 Tex. 472, 478, 294 S. W. 832; City of Waco v. O'Neal (Tex. Civ. App.) 33 S.W. (2d) 205 et seq. (writ refused). Appellee charges that the action of the commission refusing it the permission sought constituted discrimination against it in favor of others similarly situated. The determination of such issue would require the hearing and weighing of evidence. The only forum prescribed by law for such hearing is a district court of Travis county.

The injunction is dissolved.