### REYNOLDS–KIMBERLIN OIL CO. v. PERRY.

### SAME v. HARGEST.

### Nos. 4370, 4371.

Court of Civil Appeals of Texas. Amarillo.
Feb. 18, 1935.

Rehearing Denied March 18, 1935.

William J. Park and Mayfield & Grisham, all of Tyler, for appellant.

Julian P. Moseley and Jones & Jones, all of Marshall, for appellees.

HALL, Chief Justice.

These are companion cases, and the records contain a stipulation of counsel that whatever disposition may be made of one shall govern in the disposition of the other.

Both suits were filed in the district court of Cass county by the appellees respectively, seeking to recover damages for personal injuries alleged to have resulted from the active negligence of the appellant corporation.

The petition in the Perry case alleges that the appellant was an Oklahoma corporation, having an agent in Wichita Falls, Tex., that the plaintiff was a resident of Gregg county, Tex., and that the alleged injuries were sustained by him in Gregg county.

Defendant seasonably filed its plea of privilege in statutory form, denying that it ever had any office or agent residing in Cass county; that the only agent which it had in the state of Texas was Jewell Kimberlin, who resided in Smith county, Tex., and praying that the cause be transferred to Smith county.

Plaintiff timely filed his controverting affidavit, alleging that the defendant had an agent or representative in Cass county, and in the alternative alleged that, if venue was not properly laid in Cass county, then that venue laid in Gregg county, and praying that, if the plea of privilege should be sustained, the cause be transferred to Gregg county, Tex., instead of Smith county.

Plaintiff's petition alleged a cause of action arising in Gregg county. The negligence alleged was that the defendant company was engaged in the business of producing, owning, purchasing, selling, and handling oil and gas in Gregg county, particularly in the city of Gladewater, where it had its wells or held an interest in certain wells, and where it maintained and operated a pipe line used for transportation of oil and gas through the city of Gladewater, particularly near what is known as the West Side Café in said city; that plaintiff owned an interest in said café business and worked therein, and as part of the equipment had a stove in which fire was kept constantly burning; and that on the date he was injured the defendant through its agents, servants and employees negligently and carelessly cut or broke a certain pipe line which it owned and operated near said café in such manner as to leave it open without any valve or check whatever to prevent the escape of oil or gas, and that defendant's said

788

employees negligently and carelessly permitted gas or oil to escape through said broken pipe line in such manner that it invaded his premises and caused an explosion, burning and inflicting upon plaintiff severe and permanent personal injuries, which are specifically described.

A hearing was had on the plea of privilege, and the district judge entered his orders sustaining the plea, finding that the venue was not properly laid in Cass county, and ordered that both cases be transferred to the district court of Gregg county, that being the county in which plaintiffs alleged and proved their causes of action arose.

R. S. art. 1995, provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases: Exception 9 is: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." Exception 27 is: "Foreign corporations, private or public * * * not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated."

. Under the pleadings and evidence in this case, plaintiffs had the right to maintain their actions in either Smith county or Gregg county.' The allegations and evidence show that the defendant was guilty of a trespass, that it is a foreign corporation, and that the causes of action arose in Gregg county.

In Carro v. Carro, 60 Tex. 395, Chief Justice Willie held that the statutory exceptions to the venue statute are for the benefit of the plaintiff in the action and confer on him the right to choose between different counties in bringing his suit, in the exercise of which the courts will not control him, citing Kinney v. McCleod, 9 Tex. 78.

In plaintiff's controverting affidavit he claims the right to have the case transferred to Gregg county in the event the court should sustain the defendant's plea of privilege. In ordering the case transferred to Gregg county, the trial judge complied with the rule announced in the Carro Case, supra, and which has been cited and followed in numerous other cases, amongst them being the following: Pearson v. West, 97 Tex. 238, 244, 77 S. W.

944; Fermier v. Brannan, 21 Tex. Civ. App. 543, 53 S. W. 699; Burgess et al. v. Adams (Tex. Civ. App.) 273 S. W. 343; Loos v. Swaim (Tex. Civ. App.) 16 S.W.(2d) 350; Taliaferro v. Warren (Tex. Civ. App.) 30 S.W.(2d) 393, 394; Pavlidis v. Bishop & Babcock Sales Co. (Tex. Civ. App.) 41 S.W.(2d) 294, 295; Smith v. Dozier Const. Co. (Tex. Civ. App.) 66 S.W. (2d) 744, 746; Atchison, T. & S. F. Ry. Co. v. Stevens, 109 Tex. 262, 206 S. W. 921; Spinnler v. Armstrong (Tex. Civ. App.) 63 S. W. (2d) 1071.

Both judgments are affirmed.