## SUN OIL CO. v. WRIGHT.
### No. 4779.

Court of Civil Appeals of Texas. Texarkana.

Nov. 1, 1935.

Rehearing Denied Nov. 14, 1935.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Jones & Jones, of Marshall, for appellee.

HALL, Justice.

The following is a statement of this case taken from appellant's brief which appellee says is correct:

"Appellee, Audra Belle Wright, a minor, suing by her next friend, Bennett Faircloth, brought this suit against appellant, Sun Oil Company, in the district court of Cass county, Tex. It is a suit for damages for personal injury arising out of an automobile accident, the petition alleging that the collision out of which the injuries grew occurred in Rusk county, Tex. The petition alleged that the appellant was a private corporation, incorporated under the laws of the state of Texas or some one of the states of the United States, and had a proper agent for service in Dallas county, Tex. It was alleged that certain described acts of negligence on the part of appellant, its agents, servants, and employees directly and proximately caused the appellee's injuries in the sum of $10,000, and the prayer for said petition is for recovery against appellant in said sum.

"To this petition appellant seasonably filed its plea of privilege in statutory form, setting forth therein that it was a corporation organized under the laws of the state of New Jersey, transacting business in the state of Texas under permit, and that its domicile and residence and principal place of business and office in said state was, at the time of said plea, and at all times mentioned in said plea, in the county of Dallas, state of Texas.

"Appellee filed a controverting affidavit to this plea of privilege, alleging that appellant was a foreign corporation, with an agent in Cass county, Tex., and alternatively alleging that appellant was a private corporation, and that as shown by appellee's petition, made a part of the affidavit, the cause of action, or a part thereof, arose in Rusk county, Tex.; and further alleging that a trespass was committed upon appellee in Rusk county, Tex., alleging that the district court of Cass county had jurisdiction, but in the alternative, if mistaken in that allegation, then the venue was properly in Rusk county. Appellee prayed that the plea of privilege be overruled, or if it be established, that appellant had no agent or representative in Cass county, that in such event, the court transfer the case to Rusk county.

"There was a hearing upon the controverting affidavit of appellee. At said hearing no proof was offered that appellant had any agent or representative in Cass county, but evidence was offered tending to show that the collision which resulted in appellee's injury occurred in Rusk county, Tex.; and appellee further offered proof that appellant was a corporation organized under the laws of the state of New Jersey, transacting business in the state of Texas under due permit from said state.

"On this evidence the honorable trial court made its findings and entered judgment thereon, finding that the venue of the cause did not lie in Cass county, but that appellant's prayer that the cause should be transferred to Dallas county, the county of the domicile and residence of defendant in Texas, should be denied for the reason that the cause of action, or a part thereof, arose in Rusk county, Tex. Accordingly, the court ordered the cause transferred to Rusk county; to which ruling appellant excepted, and then and there in open court gave notice of appeal to this honorable court. Appeal bond was timely filed and the appeal perfected."

Appellant complains of the action of the trial court in transferring this cause to Rusk county rather than to Dallas county, the county of appellant's domicile. We agree with appellant in this contention. It is our understanding of the provisions of article 2007, R. S., and article 1995, as amended (Vernon's Ann. Civ. St. art. 1995), and the decisions construing same, that when a person filed a proper plea of privilege setting out the county of his residence, and, upon hearing, the plea of privilege is sustained, the trial court must transfer the cause to the county of defendant's residence and none other. This rule ap-

plies to a foreign corporation which has established its domicile in Texas. Pittsburg Water Heater Co. of Texas v. Sullivan et al., 115 Tex. 417, 282 S. W. 576.

This question was passed on by this court in Loos v. Swaim, 16 S.W.(2d) 350, 354, in an opinion on rehearing by Judge Levy wherein he says: "We have concluded that we were in error in directing the cause to be transferred for trial in Nueces county instead of in Tarrant county upon the appellee's controverting plea. Although in the facts the appellee could have brought the suit in Nueces county, under exception 2, yet he did not do so. Under article 2007, upon a hearing of the plea of privilege, it was incumbent upon appellee to sustain the venue of the suit in the county 'where the cause is pending'; otherwise the plea of privilege should be sustained. Greenville Gas & Fuel Co. v. Commercial Finance Co. [117 Tex. 124] 298 S. W. 550; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896."

To the same effect are: Aviation Credit Corporation of New York v. University Aerial Service Corporation (Tex. Civ. App.) 59 S.W.(2d) 870, writ dismissed; Vilbig Motor Freight Lines, Inc., v. Jenness (Tex. Civ. App.) 34 S.W.(2d) 684.

The record in this case discloses that appellant is a foreign corporation with a permit to do business in Texas and that it has its domicile in Dallas county, Tex. Suit was brought against it in Cass county, Tex., on a cause of action which arose in whole or in part in Rusk county, Tex. No effort was made to sustain the venue of this cause of action in Cass county where the suit was filed, but plaintiff by an alternative plea in her contest succeeded in having the case transferred to Rusk county rather than to Dallas county, the domicile of the defendant. To sustain this action of the trial court the plaintiff, appellee here, relies, among other cases, on the case of Reynolds-Kimberlin Oil Co. v. Perry (Tex. Civ. App.) 80 S.W.(2d) 787. A statement of this case by Chief Justice Hall of the Amarillo Court of Civil Appeals is as follows:

"Both suits were filed in the district court of Cass county by the appellees respectively, seeking to recover damages for personal injuries alleged to have resulted from the active negligence of the appellant corporation.

"The petition in the Perry case alleges that the appellant was an Oklahoma corporation, having an agent in Wichita Falls, Tex., that the plaintiff was a resident of Gregg county, Tex., and that the alleged injuries were sustained by him in Gregg county.

"Defendant seasonably filed its plea of privilege in statutory form, denying that it ever had any office or agent residing in Cass county; that the only agent which it had in the state of Texas was Jewell Kimberlin who resided in Smith county, Tex., and praying that the cause be transferred to Smith county.

"Plaintiff timely filed his controverting affidavit, alleging that the defendant had an agent or representative in Cass county, and in the alternative alleged that, if venue was not properly laid in Cass county, then that venue laid in Gregg county, and praying that, if the plea of privilege should be sustained, the cause be transferred to Gregg county, Tex., instead of Smith county. * * *

"A hearing was had on the plea of privilege, and the district judge entered his orders sustaining the plea, finding that the venue was not properly laid in Cass county, and ordered that both cases be transferred to the district court of Gregg county, that being the county in which plaintiffs alleged and proved their causes of action arose. * * *

"Under the pleadings and evidence in this case, plaintiffs had the right to maintain their actions in either Smith county or Gregg county. The allegations and evidence show that the defendant was guilty of a trespass, that it is a foreign corporation, and that the causes of action arose in Gregg county."

It will be noted that the defendant in this case was a foreign corporation, and it is nowhere made to appear that it had a domicile anywhere in Texas, but the plea of privilege merely states that it is an Oklahoma corporation and has an agent who resides in Smith county, Tex. In that particular, this case differs from the case at bar. In the case at bar the corporation alleges that its domicile is in Dallas county, Tex. It will be noted that the statute provides that a person has the privilege of being sued in the county of his domicile or residence and makes no reference to the domicile of the agent of the party or corporation. Therefore we are of the opinion that the case last cited above has no application to the case at bar.

Taking the plaintiff's allegations as true, she would have had the legal right to prosecute this cause in Rusk county, Tex., but having filed same in the county of Cass where the venue could not be sustained, the

only judgment that the trial court could enter would be one transferring the cause to the proper court in the county of the defendant's domicile.

Therefore, the judgment of the trial court sustaining the plea of privilege is affirmed and is reversed in so far as the same orders the transfer of this cause of action to Rusk county, and judgment is here rendered transferring this cause of action to the district court of Dallas county, Tex.