### KOUNTZE et al. v. SMITH et al.

### No. 1769.

Court of Civil Appeals of Texas. Waco.

Oct. 8, 1936.

738

Coke & Coke, of Dallas, for appellants.

. McClellan, Lincoln & Williams, of Waco, for appellees.

GALLAGHER, Chief Justice.

Appellees, Mrs. Grace W. Smith and her husband, A. Foster Smith, brought this suit in the district court of McLennan county against appellants, Chas. T. Kountze and Denman Kountze, to recover, as the separate property of Mrs. Smith, an undivided interest in several tracts of land situated in Brown, Jackson, Matagorda, McMullen, Tyler, and Wharton counties. Appellees resided at the time, and still reside, in McLennan county, and appellants were then and are now nonresidents of this state. Appellants, in what they termed a plea of privilege, challenged the jurisdiction of the district court of McLennan county to try and dispose of said suit, and invoked the provisions of subdivision 14 of the general venue article of our statutes (article 1995), which provides, in substance, that suits for the recovery of land must be brought in the county in which the same, or a part thereof, is situated. They confirmed, in said plea, appellees' allegations with reference to the several counties in which the land sued for was situated. They further alleged in that connection that more of the land sued for was situated in Wharton county than in any other county, and asked that the cause be transferred to the district court of that county for trial and disposition. No other ground for the selection thereof as the place of trial was shown. Appellants also filed a separate instrument which they termed a plea to the jurisdiction and venue, in which they made substantially the same allegations as in their plea of privilege.

Appellees, in response to appellants' said pleas, filed what they termed a motion, in which they reaffirmed their allegations that appellants were nonresidents of the state, and further alleged that absent affirmative plea by them, the district court of McLennan county had jurisdiction, in a venue sense, to hear and determine the cause. Appellees asked in said motion that the cause be transferred to Brown county for trial.

The parties agreed in open court, in substance, that the allegations of fact contained in appellants' pleas and appellees' motion as above recited were true, and submitted such agreement to the court for consideration. Whereupon the court entered an order transferring the cause to Brown county for trial. Hence this appeal.

Opinion.

The gist of appellants' contention in this case is that when a plaintiff institutes a suit in a county in which venue as against the defendant cannot, on his objection, be maintained, that there accrues to such defendant an arbitrary and conclusive right to select and designate the county to which such suit shall be transferred, notwithstanding defendant may not maintain a residence or domicile either in said county or in the state and notwithstanding concurrent venue of the suit may lie in one or more other counties on the same identical ground as in the county so selected by the defendant. Appellees, on the other hand, contend that in such situation the right to select and designate the county to which the cause shall be transferred for trial is vested in the plaintiff, or, in the alternative, that it rests in the discretion of the court ordering such transfer.

Our revised statutes provide that no person who is an inhabitant of this state shall be sued out of the county of his domicile except in certain cases specifically recited. Some of the exceptions so provided are merely permissive and some are expressed in mandatory terms, such as "shall be brought" or "must be brought" in a county bearing some specific relation to the subject-matter of the suit. One of such permissive exceptions (subdivision 3) authorizes a suit against a nonresident to be brought in the county in which the plaintiff resides, while another exception (subdivision 14) provides that suit for the recovery of land "must" be brought in the county in which such land, or a part thereof, is situated. R.S. art. 1995. The former exception is subordinate to the latter when properly invoked. Knoles v. Clark (Tex.Civ.App.) 163 S.W. 369, 370, par. 3. It is affirmatively provided that a plea of

privilege to be sued in the county of one's residence shall negative defendant's residence in the county in which suit is brought, shall affirmatively deny the existence of any of the exceptions recited in said article 1995 (as amended [Vernon's Ann.Civ.St. art. 1995]), and affirmatively aver the residence of the defendant filing such plea. Plaintiff may controvert any or all of the allegations so made. When he does so, the burden is on him to support his controverting plea by affirmative proof. Article 2007. Said statutes further provide that in event the plea of privilege is sustained, the case shall not be dismissed, but "the court shall transfer said cause to the court having jurisdiction of the person of the defendant therein" or "the Court shall order the venue to be changed to the proper Court of the county having jurisdiction of the parties and the cause." Article 2019, and article 2020, as amended by Acts 1933, c. 177 (Vernon's Ann.Civ.St. art. 2020). While each of the articles cited refers in terms to a "plea of privilege," our Supreme Court has held that the transfer of causes of action for the recovery of land are governed thereby. Shell Petroleum Co. v. Grays, 122 Tex. 491, 62 S.W. (2d) 113, 115, par. 1. None of the three articles last cited purport to confer upon either party any power to elect or designate the county to which the case shall be transferred in event a transfer is ordered, unless it be said that the filing by a defendant of a plea of privilege to be sued in the county of his residence constitutes such an election. Appellants not being, nor claiming to be, inhabitants of this state, the statutory privilege of being sued in the county of their residence can have no application. Aviation Credit Corporation v. University Aerial Service Corporation (Tex.Civ.App.) 59 S.W.(2d) 870, 871, par. 2.

Appellees cite, in support of their contentions above recited, the case of Atchison, T. & S. F. Ry. Co. v. Stevens. The opinion of the Court of Civil Appeals in that case is found in 192 S.W. 304. The plaintiff in his original petition alleged that the defendant was a foreign corporation and that it was sueable in El Paso county because it had a local agent therein. The defendant filed a plea of privilege in which it denied having an agent in said county and denied venue of the suit therein, but admitted venue in Potter, Hemphill, Galveston, Johnson, and Cook counties.

The prayer for transfer embraced in said plea is not recited in the opinion. The trial court overruled the plea of privilege, tried the case on its merits and rendered judgment in favor of the plaintiff. The Court of Civil Appeals reversed the judgment of the trial court rendered on the merits, but sustained its action in overruling the defendant's plea of privilege. The Supreme Court granted a writ of error and on final hearing held that the real question in the case was one of venue and that the trial court erred in overruling the defendant's plea of privilege. Atchison, T. & S. F. Ry. Co. v. Stevens, 109 Tex. 262, 206 S.W. 921. That court affirmed the action of the Court of Civil Appeals in remanding the cause, but embraced in its judgment an order to the trial court to transfer the cause to one of the counties named in the defendant's plea of privilege, as the plaintiff might elect. Mr. Justice Hawkins, in a concurring opinion, concluded that the plaintiff, in bringing the suit in a county in which venue could not be maintained, had waived his primary right to select, among the counties having concurrent jurisdiction, the particular one in which he desired to have the cause tried, and that for this reason the right of selection devolved upon the trial court, to be exercised in its discretion. It will be noted, however, that such conclusion was contrary to the holding of both the other members of the court.

Appellees also cite the case of Reynolds-Kimberlin Oil Co. v. Perry, by the Court of Civil Appeals for the Seventh District and reported in 80 S.W.(2d) 787. Perry, the appellee in said cause, filed suit against the appellant therein in the district court of Cass county, seeking to recover damages for personal injuries alleged to have been suffered by him as the result of the active negligence of said oil company. He further alleged that said oil company was an Oklahoma corporation, having an agent in Wichita county, Tex.; that he, plaintiff, resided in Gregg county, and that the injuries complained of were sustained by him in said county. The oil company filed a plea of privilege in which it denied that it ever had an agent residing in Cass county, alleged affirmatively that the only agent it had in the state resided in Smith county, and upon such allegations prayed that the cause be transferred to said last-named county. Perry filed a controverting affidavit in which he alleged the oil company did have a representative

in Cass county, and in the alternative, that if it were found that venue was not properly laid in Cass county, that venue did lie in Gregg county, and prayed that in event the cause were transferred, it be transferred to said last-named county. The trial court heard the plea of privilege, found that venue was not properly laid in Cass county, and ordered the cause transferred to the district court of Gregg county, that being the county, as shown by both pleading and evidence, in which the cause of action arose. The Court of Civil Appeals affirmed said order and ·cited numerous authorities bearing on the issue involved, to which reference is here made.

The principal cases cited by appellants in support of their hereinbefore recited contentions are: Sun Oil Co. v. Wright (Tex. Civ.App.) 87 S.W.(2d) 524, 525; Loos v. Swaim (Tex.Civ.App.) 16 S.W.(2d) 350, and Shear Co. v. Neely (Tex.Civ.App.) 214 S.W. 573. All of said cases differ from this, in that every one of the same involved a plea of privilege proper interposed by a defendant person or corporation, claiming· residence in a venue sense in a county in this state and seeking the transfer of the cause thereto. In this respect each of said cases differs from Atchison, T. & S. F. Ry. Co. v. Stevens, supra, and Reynolds-Kimberlin Oil Co. v.· Perry, supra, hereinbefore discussed.

The plaintiff, in Sun Oil Co. v. Wright, filed suit in Cass county to recover damages for personal injuries alleged to have been sustained by her as the result of negligence on the part of the agents and employees of defendant in Rusk county. The defendant filed a plea of privilege, admitting that it was a corporation, alleging its legal residence in Dallas county and asking that the cause be transferred to that county for trial. The plaintiff filed a controverting affidavit, in which she alleged that the defendant had an agent in Cass county, and in the alternative, that her cause of action arose out of a trespass committed upon her by defendant's agents and employees in Rusk county. She asked that in event venue could not be maintained in Cass county, that the cause be transferred for trial to Rusk county. The court held that venue did not lie in Cass county, but instead of transferring the cause to Dallas county, where the defendant corporation had its legal residence, transferred the same to Rusk county, where the cause of action, or a part thereof, arose. The Court of Civil Appeals held such action erroneous on the ground that the defendant was entitled to have the cause transferred to the county of its residence, since the plaintiff did not bring the same in a county having venue under any of the exceptions recited in article 1995. The court, in the course of its opinion, distinguished the case from Reynolds-Kimberlin Oil Co. v. Perry, supra, on the ground that the defendant in that case had no domicile in the state, apparently conceding that in such cases the rule so announced and followed had no application. Clearly, the effect of such decision is merely to hold that the general provision of said article 1995 that no inhabitant of this state shall be sued out of the county of his domicile except in cases therein specifically recited, is available in all cases involving a plea of privilege to be so sued, unless the suit in which such plea is filed has been actually instituted in one of the counties named in such exceptions, and that as against a resident of this state, all such exceptions are waived by the plaintiff when he files his suit in a county not embraced within any of the same. The cases of Loos v. Swaim, supra, and Shear Co. v. Neely, supra, cited by appellants as aforesaid, both involved the application of the same rule announced by the court in Sun Oil Co. v. Wright, and therefore need not be specifically discussed, but in each of the same other facts were shown distinguishing the same from the case at bar. Since such rule has no application in this case, we need not further consider the same.

Both appellants and appellees in their written pleadings concede that concurrent venue of this cause lies in six several counties on the same identical ground, one of which is the county of Brown. Appellees asked the trial court to transfer the cause to said county, and the court, in the exercise of its discretion, did transfer the same thereto. We are of the opinion that appellants have no legal ground to complain of such action, notwithstanding they arbitrarily selected another of said six counties and asked that the cause be transferred thereto. The order or judgment of the trial court is therefore affirmed.