### RAILROAD COMMISSION OF TEXAS et al. v. VANWAY EXPRESS CO. et al.

### No. 3074.

Court of Civil Appeals of Texas. Beaumont.
March 26, 1937.

Rehearing Denied March 31, 1937.

John H. Benckenstein, of Beaumont, William McCraw, Atty. Gen., and Geo. P.

Kirkpatrick, Asst. Atty. Gen., for appellants.

A. L. Shaw, of Beaumont, for appellees.

WALKER, Chief Justice.

This was an action by appellees, Vanway Express Company, Inc., et al., filed in the Fifty-eighth district court of Jefferson county, against C. V. Terrell, Ernest O. Thompson, and Lon A. Smith, individually, and as members of and constituting the Railroad Commission of Texas, for mandamus to compel them to approve a sale made through a receivership proceeding, pending in the Fifty-eighth district court of Jefferson county, of certificates of convenience and necessity, Nos. 2109 and 2796, to appellee Vanway Express Company, Inc., and to transfer these certificates to Vanway Express Company, Inc. For the purposes of this opinion, we concede that Vanway Express Company, Inc., by its petition, pleaded a good title to these certificates. The defendants and each of them, individually and as members of the Railroad Commission of Texas, and the Railroad Commission of Texas filed pleas of privilege to be sued in Travis county, Tex., and pleas in abatement to the effect that, this being a mandamus suit against the Railroad Commission of Texas, a department of the state government, the venue lay in the district court of Travis county. These pleas were all overruled, and to these judgments of the court defendants duly excepted. On trial of the case on its merits to the court without a jury, judgment was entered in favor of appellee Vanway Express Company, Inc., against the defendants for all the relief prayed for. To that judgment the defendants excepted, gave notice of appeal to this court, took out their transcript, which they duly filed in this court without giving a bond and without filing a motion for new trial.

As the case was tried to the court without a jury, a motion for new trial was not necessary, and under the law appellants, being sued in their governmental capacity, were not required to give an appeal bond. Appellee's exceptions to the manner in which the appeal was perfected are overruled.

The lower court erred in overruling the pleas of privilege and the pleas in abatement. It was conceded on the trial that the defendants C. V. Terrell, Lon A. Smith, and Ernest O. Thompson each lived and had his residence in Travis county, Tex.; and that each of them in his personal and in his governmental capacity had his headquarters and maintained his office in Travis county, Tex.; and that the main offices of the Railroad Commission were in Travis county, Tex. Under this statement, the pleas of privilege should have been sustained. Subdivision 20 of art. 1995, R.C.S. of 1925, reads as follows, "Heads of departments.—Suits for mandamus against the head of any department of the State Government shall be brought in Travis County"; under this article of the statute the plea in abatement should have been sustained.

It follows that the judgment of the lower court should be reversed and the cause remanded to the lower court with instructions to transfer it to the district court of Travis county, Tex.