## GREAT SOUTHERN LIFE INS. CO. v. GOERNER et al.

### No. 8501.

Court of Civil Appeals of Texas. Austin.

June 9, 1937.

Vinson, Elkins, Weems & Francis, Fred R. Switzer, and Raybourne Thompson, all of Houston, for appellant.

Harris & Harris, of Austin, for appellee.

McCLENDON, Chief Justice.

This appeal presents the sole question whether, upon sustaining a plea of privilege to be sued in the county of one's residence, the plaintiff has the right to have the case transferred to some county, other than that of defendant's residence, in which other county the plaintiff might have brought his suit originally under some exception to the general rule fixing venue in the county of defendant's residence.

The suit was filed in Travis county by Mrs. Goerner (joined by her husband), upon a policy of life insurance in which she was the named beneficiary. The insurance company (a Texas corporation) filed its plea of privilege in statutory form to be sued in Harris county, the county of its residence. Plaintiffs' controverting plea alleged that the insured met his death and plaintiffs resided in Bastrop county; and they prayed that the cause be transferred to that county in case the plea of privilege were sustained. The court sustained the plea and changed the venue to Bastrop county. The insurance company has appealed, assigning error upon that portion of the order which changed the venue to Bastrop instead of Harris county.

The suit might originally have been brought in Bastrop county under subdivision 28 of article 1995, R.C.S., providing that suit against a life or accident insurance company may be brought "in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

The question thus presented is clearly ruled by the decisions in Sun Oil Co. v. Wright (Tex.Civ.App.) 87 S.W.(2d) 524, 525, and Loos v. Swaim (Tex.Civ.App.) 16 S.W.(2d) 350. The holding in those cases is thus stated in the Sun Oil Company Case: "It is our understanding of the provisions of article 2007, R.S., and article 1995, as amended (Vernon's Ann. Civ.St. art. 1995), and the decisions construing same, that when a person filed a proper plea of privilege setting out the county of his residence, and, upon hearing, the plea of privilege is sustained, the trial court must transfer the cause to the county of defendant's residence and none other. This rule applies to a foreign corporation which has established its domicile in Texas. Pittsburg Water Heater Co. of Texas v. Sullivan et al., 115 Tex. 417, 282 S.W. 576."

Appellees rely upon the case of Reynolds-Kimberlin Oil Co. v. Perry (Tex.Civ. App.) 80 S.W.(2d) 787. That case, as pointed out in the Sun Oil Company Case, is clearly distinguishable, in that the defendant there was a foreign corporation that had not established a residence in Texas. We refer to the Sun Oil Company Case for a full discussion of the subject; with the conclusions in which we agree.

That portion of the order appealed from sustaining the plea is sustained; the portion changing the venue to Bastrop County is reversed; and the cause is remanded to the trial court, with instructions to change the venue to Harris county.

Affirmed in part, and in part reversed and remanded, with instructions.