## STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS v. HATTER.

### No. 2187.

Court of Civil Appeals of Texas. Waco.

April 4, 1940.

Gerald C. Mann, Atty. Gen., Geo. W. Barcus, Wm. J. Fanning, and Lloyd Armstrong, Asst. Attys. Gen., Shelton & Shelton, of Austin, and Jos. W. Hale, of Waco, for appellant.

Kyle Vick, Gene McNamara, and Gene Maddin, all of Waco, for appellee.

ALEXANDER, Justice.

This is an appeal from an order of the trial court overruling a plea of privilege.

Lou Hatter brought this suit in McLennan county against the Texas State Board of Registration for Professional Engineers for writ of mandamus to compel the Board to issue to him a certificate of registration as a "professional engineer" and to enjoin the members of the Board from interfering with or hampering the plaintiff in the practice of his profession as a professional engineer during the pendency of the suit. The Board filed a plea of privilege to have the cause transferred to a district court of Travis county. After hearing the evidence, the trial court overruled plea of privilege, and defendant has appealed.

The material facts are these: The Texas State Board of Registration for Professional Engineers was created under Acts 1937, 45th Legislature, p. 816, chap. 404 (Vernon's Annotated Civil Statutes, art. 3271a). None of the members of the Board reside in either McLennan county, where the suit was filed, or in Travis county, but the secretary of the Board resides in Travis county. The record discloses that in the year 1937, the plaintiff filed his application with the Board for a certificate of registration as a professional engineer. On December 31st of that year, he received from the secretary of the Board a letter, as follows:

"Your application for Certificate of Registration as 'professional engineer' has been received by the Texas State Board of Registration for Professional Engineers.

"You will be advised, in due course, as to the action of the Board on your application.

"This will be your authority, effective January 1, 1938, to practice in Texas as a Professional Engineer until, and only until final action is taken by the Board on your application."

The above letter was signed by the secretary of the Board only and not by the chairman of the Board. Later, after consideration of the matter, plaintiff's application for a certificate was refused by the Board, and he was notified thereof. This suit was brought by plaintiff for mandamus to compel the Board to issue the certificate as above set out.

Revised Statutes, art. 1995, sec. 20, provides: "Suits for mandamus against the head of any department of the State Government shall be brought in Travis County."

In the case of Herring v. Houston National Exchange Bank, 113 Tex. 264, 253 S. W. 813, the Supreme Court held that the

Prison Board was the head of a state department within the meaning of a statute exempting heads of state departments from giving bond on appeal. In the case of Board of Water Engineers v. Briscoe, Tex. Civ.App., 35 S.W.2d 804, it was held that the Board of Water Engineers constituted the head of a department of the state government within the meaning of the statute here under consideration, so as to fix the venue of a suit for mandamus against such a Board in Travis county. In the case of Railroad Commission v. Vanway Express Company, Tex.Civ.App., 103 S.W.2d 814, a like holding was made with reference to the Railroad Commission. See also Railroad Commission v. Interstate Motor Freight Lines, Tex.Civ.App., 77 S.W.2d 1100. Under the above decisions, we hold that the Texas State Board of Registration for Professional Engineers was the head of a department of the state government within the meaning of subsection 20 of Article 1995, so as to place the venue of this suit in Travis county.

Appellee contends that the letter written to him by the secretary of the Board of date December 31, 1937, and above set out, constituted a certificate of registration, and that this is a suit to vacate an order of revocation thereof by the Board, and as a consequence, he has a right to maintain the suit in the county of his residence under subdivision 22 of the Act. In our opinion, the letter referred to did not constitute a certificate of registration within the meaning of the Act. The Act contemplated that the certificate of registration therein referred to should be issued after full investigation and should be signed by the chairman and the secretary of the Board, under the seal of the Board, and should be subject to renewal each year for an indefinite period upon the payment of the fee provided for by the Act. The letter in question purported on its face to be a mere temporary permit issued to allow those engaged in the profession to continue therein until the Board had a reasonable time to investigate the numerous applications necessarily requiring investigation upon the creation of the newly constituted Board. It was signed only by the secretary of the Board and not by the chairman of the Board, as is required for a regular certificate of registration. It was never intended to operate as a certificate that could be renewed annually for an indefinite period. It is our opinion that plaintiff's cause

of action, if any he has, is one for the failure of the Board to issue him a certificate of registration and not one to annul or vacate an order of revocation previously made by the Board.

The judgment of the trial court is reversed and remanded to the lower court with instructions to transfer the suit to a district court of Travis county as prayed.

TIREY, J., took no part in the consideration and disposition of this case.