

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

ATTORNEY GENERAL

AUSTIN 11, TEXAS

This opinion modifies
Opinion No. O-1126

Honorable Lon Alsup
Executive Secretary-Director
State Commission for the Blind
Land Office
Austin, Texas

Dear Mr. Alsup:

Opinion No. O-5292
Re:  Approval of claims for pay-
ment by State Commission for the
Blind.

We are in receipt of your letter of May 6, 1943, in which you sub-
mit the following question for our opinion:

"Please advise the State Commission for the Blind whether the Board of
the State Commission for the Blind may delegate to any of its members
or to its executive secretary the authority to approve for payment all
expenditures which may have been authorized by the State Commission for
the Blind."

The State Commission for the Blind is provided for in Article 3207a
Vernon's Texas Civil Statutes (Acts 1931, 42nd Leg. p. 122, ch. 80, as
amended Acts 1939, 46th Leg. S.B. No. 462).  In Section 1, a three member
board was originally provided for but by H. B. 352, Reg. Sess. 48th Leg.,
the membership of the Board was increased to six.  A careful examination
of the acts relating to this commission shows that the full responsibility
for performing the duties therein provided is vested in the Commission as
such.

Section 1 as amended provides that four members shall constitute a
quorum for the transaction of business, and that the Commission may annu-
ally elect a Secretary and such other employees as may be authorized by
the general or special appropriation for said Commission.

By Section (a) it is provided that:  "The State Commission for the
Blind shall maintain a Bureau of Information . . .  The Commission shall
in its discretion furnish materials, tools and books for the use as a
means in rehabilitating such persons and it may establish workshops and
salesrooms, and shall have authority to use any receipts or earnings that
accrue from the operation of industrial schools, salesrooms, or workshops
as provided in this Chapter . . . The Commission may receive gifts,
bequests, or devises from individuals, associations or corporations, and
may expend them in accordance with the provisions of this Act."  We have

not attempted to set out all the authorization of the Commission, but quote the foregoing to demonstrate that the responsibility is vested directly in the Commission as such and that discretionary functions are committed to the Commission.

Section 3 provides that:

"The State Commission for the Blind may appoint and fix the compensation of an executive secretary and such other workers as may be necessary to make effective the purposes of this Act within the appropriations provided."

We do not think that this section may be construed as vesting in the executive secretary any discretionary authority which would be normally vested in the Commission as the head of the department or division of State government. The executive secretary is an employee of the Commission working under the direction of the Commission in carrying out its directions, and he is given no authority by the statute independent of the Commission. In other words, in matters involving the exercise of discretion, he may act as an executive officer to carry out and perform only those things wherein the Commission has exercised the discretion.

In Horne Zoological Arena Company vs. City of Dallas, 45 S.W. (2d) 714, the court had the following to say with reference to the delegation of authority:

"The general rule is that, where the law creates a board to have charge of the affairs of a municipality or a particular part thereof, such board may appoint agents to dhscharge ministerial duties not calling for the exercise of reason or discretion, but it cannot go beyond this and delegate to others the discharge of duties which call for reason or discretion, and which are regarded as part of the public trust assumed by the board. The power to exercise discretion in matters entrusted to such boards cannot be delegated, surrendered, or bartered away.

". . . The park board was charged with the trust of spending the money set aside for the maintenance of parks, and it could not avoid its responsibility by delegating to others the authority to act for it in the purchase of such animals without limit as to the kind of animals to be purchased or the price to be paid therefor. The trial court correctly held that Jacoby merely by virtue of his authority as director of parsk did not have authority to make the contract in question."

We also call attention to the following statutes.

Article 4344, R.C.S. 1925, Subdivision 4, provides that the Comptroller shall:

"Require all accounts presented to him for settlement not otherwise provided for by law to be made on forms prescribed by him, all such accounts to be verified by affidavit as to their correctness, and he may administer

the oath himself in any case in which he may deem it necessary."

Article 4355 R.C. S. 1925, as amended, Acts 1931, 42nd Leg., p. 400, ch. 243, provides among other things:

"All claims and accounts against the State shall be submitted on forms prescribed by the Comptroller and in duplicate, when required by him except claims for pensions, and shall be so prepared as to provide for the entering thereon, for the use of the Comptroller's Department, as well as other appropriate matters, the following:

"1. Signature of the head of the department or other person responsible for incurring the expenditure."

We think it clear from the provisions of Article 3207a that the State Commission for the Blind is the head of the department or division of the State government (State Board of Registration for Professional Engineers v. Hatter, 139 S.W. (2d) 169; Rainey v. Malone, 141 S.W. (2d) 713) within the meaning of Article 4355 and bears the responsibility for incurring the expenditures of that department.

Several opinions have previously been written by this department upon this subject. The first to which we refer was rendered December 4, 1935 at the request of the Brazos River Conservation and Reclamation District. It was there ruled that the Board of Directors of said District could not delegate to its agent or a committee authority to approve expenses incurred by the District so as to authorize the Comptroller to issue a warrant. It was pointed out in the opinion that the Board could delegate purely ministerial or executive functions but that specific authorization or approval on the part of the Board was required before the expenditures became a lawful charge against any appropriation of State funds.

On March 24, 1936 this department advised the State Comptroller that a majority of the Board of Insurance Commissioners was required to approve any and all expenditures pertaining to the various departments of insurance except against one particular fund. This fund was an exception because the statute provided that payment should be made "upon the certificate of the Chairman of the Board of Insurance Commissioners."

An opinion was also rendered to the Comptroller of Public Accounts on April 1, 1937, concerning the Texas Unemployment Compensation Commission. The Commission had by resolution attempted to delegate rather broad functions to the Assistant Executive Director to execute purchase orders, approve expenditures, etc. The opinion pointed out that some of the things attempted to be delegated were ministerial and some required the exercise of discretion, and ruled that the latter could not be delegated to the Assistant Executive Director, but that the Commission was required to exercise the necessary discretion.

In Opinion No. O-1126 we had before us the question of whether the Texas State Parks Board might delegate to its secretary the right to approve claims against the State appropriation for such board. The ruling was that such authority might not be delegated. An additional suggestion was made in the opinion that while the board might not delegate the authority to approve claims to a non-member of the board, it might delegate this authority to some member of the board under rules and regulations to be promulgated by the board. In so far as said opinion expresses the conclusion that the board may delegate its discretionary authority to a member of the board, the same is modified to conform to the views herein expressed, for, in our opinion, the principle of non-delegation of discretionary functions is just as applicable to a member of a board or commission as to a non-member. This authority is vested in the commission as such and not in its members as individuals.

Based upon the foregoing authorities, we conclude that the State Commission for the Blind is the head of a department vested with discretionary authority by statute, that it may delegate purely ministerial acts to be performed but may not delegate its discretionary functions; and that the expenditure of moneys appropriated to it involves the exercise of discretion or judgment.

From your question, we understand that the Commission desires to make a general authorization for expenditures, and delegate to one or more of its individual members, or to its executive secretary, authority to approve all expenditures for payment without the necessity of further action by a majority of the Commission. In our opinion this cannot be done, and we therefore answer your question in the negative.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack

Cecil C. Cammack
Assistant

CCC:mw:lh:egw

APPROVED MAY 25, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman