FOUSE et ux. v. GULF, C. & S. F. RY. CO.
No. 14748.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 8, 1946.

Rehearing Denied March 8, 1946.

242

T. Wesley Hook, of Alvarado, and Walter B. Scott and Joe F. Orr, both of Fort Worth, for appellants.

Wren & Jeffrey, of Fort Worth, for appellee.

BROWN, Justice.

This is a suit in which the contest is solely one of the proper venue of the cause of action.

Appellants, who were plaintiffs in the trial court, are husband and wife, and they brought suit in the district court of Tarrant County to recover damages for personal injuries sustained by the wife in an accident that occurred in Johnson County.

In order to sustain venue in Tarrant County against the defendant Gulf, Colorado & Santa Fe Railway Company, a corporation, the plaintiffs alleged that the defendant "is a private railway corporation with an office and agent in Fort Worth, Tarrant County, upon whom service may be had."

The defendant, in due season, filed its plea of privilege, in statutory form, to be sued in the county of its domicile, namely, Galveston County, and prayed that the cause be transferred to the district court of the county of its domicile.

The plaintiffs filed a controverting plea in which they alleged, in substance, that the allegations of the defendant's plea that it was not a resident of Tarrant County, and that no exception to the exclusive venue in the county of one's residence, provided by law, exists in this cause, are untrue; that the defendant does not have an exclusive residence in Galveston County, but that if it has and maintains a residence in such county, it also has and maintains a domicile and residence in Tarrant County.

Following the allegations made, seeking to show venue in Tarrant County, it is next alleged that, in the event venue of this cause is not properly laid in Tarrant County, then the proper and only other county wherein venue lies is in Johnson County, which has exclusive jurisdiction of the suit under Subdivision 25 of Article 1995, Revised Civil Statutes of Texas, to which county the cause should be transferred, in the event it is not retained in Tarrant County; and the plaintiffs prayed that, in the event the trial court finds that venue does not lie in Tarrant County, then that the cause be transferred to Johnson County, where they aver exclusive venue lies.

At the hearing had before the trial court it was stipulated that the charter of the defendant fixes the principal office of such corporation in the City of Galveston, in

Galveston County, and that such corporation has always maintained its general offices in Galveston County, as required by Article 6275, Rev.Civ.Statutes, and keeps and there maintains all of the requisite officers named in Article 6278, R.C.S.; and it was also stipulated that the plaintiffs reside in Johnson County and that the accident occurred in such county.

The trial court sustained the plea of privilege and ordered the cause of action removed to Galveston County, and denied the plaintiffs' request to transfer the cause to Johnson County.

The plaintiffs have appealed only from that portion of the judgment refusing to transfer the cause to Johnson County and transferring same to Galveston County. It is conceded that the plea of privilege is well taken.

Appellants' contentions, tersely stated, are: (1) That Subdivision 25 of Article 1995, Rev.Civ.Statutes, fixes exclusive jurisdiction and venue of the cause of action in Johnson County; (2) that, when the defendant alleged in its plea of privilege that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause," and plaintiffs denied such allegation in their controverting affidavit and showed by their allegations that Subdivision 25 of said Article 1995 provides an exception to the exclusive venue pleaded by defendant, and when plaintiffs prayed, in the alternative, that the trial court transfer the cause to Johnson County, the venue issue was clearly drawn and the stipulated facts disclose that the cause should have been transferred to Johnson County; and (3) that, under Article 1995, R.C.S., where the facts bring the case under any of the "shall" or "must" exceptions or subdivisions and *any party* requests a transfer to a county specified by "shall" or "must," such requested forum is "the proper court" to which the cause must be transferred.

■ We are of opinion that appellants misconstrue the provisions of Rule 86, Texas Rules of Civil Procedure, wherein the substance of the allegations of a plea of privilege is given and the requirement that the pleader shall also incorporate in his plea that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause."

The quoted provision of the Rule never was intended to mean and has never meant more than that it is a denial on the part of the defendant that there exists any exception to exclusive venue in the county of defendant's domicile that would give the *trial court* venue of the cause of action pleaded by the plaintiff.

Such pleading simply says: "You have no exception to exclusive venue that gives you the right to maintain your suit in the court and in the county in which you have filed it."

The very requirements of Rule 86 as to the necessity for a controverting plea, sustained our views. The rule provides: "If the plaintiff desires to controvert the plea of privilege, he shall * * * file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause *on the court where the cause is pending.*" (Italics ours)

■ It appears very obvious to us that, when a plea of privilege is filed by a defendant, there remains but one right, as to venue, vested in the plaintiff, and that is, by a controverting plea, he may establish his right to maintain his suit in the court and in the county where he filed it. Most assuredly, it could not be said that the plaintiff, after choosing his forum and the defendant files a plea of privilege, has any right to file a pleading, saying in effect: "I have filed my case in a court in which venue does not lie. I could have filed it in another court, in which venue does lie, but I did not do so, but now I, the plaintiff, request that my cause be transferred to a court, now named by me, in which I could have filed my suit, in the first instance." Appellants contend that he may do so.

Such a proceeding is assuredly unheard of in our jurisprudence. Appellants' misconception of our venue statute lies in the fact that there is a misunderstanding of the very purpose of the statute and its exceptions.

Article 1995, R.C.S., emphatically states: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile *except in the following cases:*" (Italics ours) Then there follow many *exceptions* by, through and under which any such person, natural or artificial, may be sued elsewhere than in the county of his, or its, residence.

■ It seems obvious to us that any person, natural or artificial, may by the very intent and purpose of the statute, be

sued in the county of his domicile or residence, in any court having jurisdiction of the subject matter.

In other words, these plaintiffs, had they chosen to do so, could have brought this personal injury suit in the district court of Galveston County, and no one could have questioned their right to do so. Not having done so, they could have taken advantage of some one of the *exceptions* provided for by law and could have brought their suit in some county clearly covered by an *exception*, but they did not do so, and they have waived any and all such rights.

■ Under these circumstances, and having filed their suit in a county in which venue does not lie, the plea of privilege filed by the defendant was not only properly sustained, but the cause was properly transferred to Galveston County.

The trial court had no other alternative, as we view the facts and the record, as well as the authorities.

Appellants urge that the language employed in the opinion, in Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, at page 69, notes 6 and 7, is authority for their contention that they, the plaintiffs, have rightfully pleaded and prayed for a transfer of the cause to Johnson County.

The language seized upon is: "There was no pleading to support that judgment. No party to the suit sought by pleading to have the cause transferred to Gregg County."

By such language, the Supreme Court, in adopting the opinion of the Commission of Appeals, did not mean to imply that any such privilege or right is vested in a plaintiff, who has chosen his forum, and chosen one in which venue does not lie.

The language used clearly means that *no defendant* in that case filed any pleading requesting that the cause be transferred to Gregg County. The right is lodged in some defendant, and the certificate plainly stated that no defendant made any such request. Again, appellants misconstrue the language employed in Rule 89, Rules of Civil Procedure. This Rule provides that: "If a plea of privilege is sustained, the cause shall not be dismissed, but the court shall transfer said cause *to the proper court.*" (Italics ours)

Appellants contend that this language means that the cause should have been transferred to a court in Johnson County, because that court had "exclusive jurisdiction" of the cause of action. In the first place, the district court of Johnson County does not have "exclusive jurisdiction" of the cause of action brought by the plaintiffs. By, through, and under the plain *exception* provided for in Subdivision 25 of Article 1995, the plaintiffs could have brought their suit in Johnson County, and no one could have questioned their right to do so. The right to bring suit in Johnson County was permissive, not exclusive.

■ The Rule above quoted simply means, and it is not susceptible of any other construction, that when a plea of privilege is sustained, the trial court shall transfer the cause to the proper court in the county to which the *defendant* contends that it should be transferred.

To hold otherwise would be to deprive the defendant of the valuable right that the law vouchsafes to him.

■ The plea of privilege is a creature of the law enacted for the benefit of the defendant. Only the exceptions thereto are enacted for the benefit of the plaintiff. Such cases as Black v. Black, Tex.Civ. App., 82 S.W.2d 1073 (and cases cited as supporting the Black opinion), Cowden v. Cowden, Tex.Sup., 186 S.W.2d 69, Godwin v. Oliver, Tex.Civ.App., 156 S.W.2d 992, Goolsby v. Bond, C. J., 138 Tex. 485, 163 S.W.2d 830, Great Southern Life Ins. Co. v. Goerner, Tex.Civ.App., 106 S.W.2d 750, Holcomb v. Williams, Tex.Civ.App., 194 S. W. 631, Jefferies v. Dunklin, C. J., 131 Tex. 289, 115 S.W.2d 391, Loos v. Swaim, Tex.Civ.App., 16 S.W.2d 350, Reynolds-Kimberlin Oil Co. v. Perry, Tex.Civ.App., 80 S.W.2d 787, Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113, Sherrod v. Ruud Mfg. Co., Tex.Civ.App., 158 S.W.2d 351, Sun Oil Co. v. Wright, Tex. Civ.App., 87 S.W.2d 524, and Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, do not support the views and contentions of the appellants in the case before us, if we understand them.

Our analysis of the intents and purposes of Article 1995, R.C.S., and Rules 86 and 89, and our study of the holdings in Aviation Credit Corp. of New York v. University Aerial Service Corp., Tex.Civ.App., 59 S.W.2d 870, Sun Oil Co. v. Wright, Tex.Civ.App., 87 S.W.2d 524, Great Southern Life Ins. Co. v. Goerner, Tex.Civ.App.,

106 S.W.2d 750, Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, South Texas Development Co. v. Williams, 130 Tex. 217, 107 S.W.2d 378, and Cowden v. Cowden, Tex. Sup., 186 S.W.2d 69, convince us that the judgment of the trial court should be and it is by us affirmed.