The UNIVERSITY OF TEXAS, Appellant,

v.

Mrs. C. E. BOOKER, Appellee.

No. 6834.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 15, 1955.

Rehearing Denied Oct. 13, 1955.

John Ben Shepperd, Atty. Gen., Billy E. Lee, Asst. Atty. Gen., for appellant.

George W. Edwards, Marshall, for appellee.

FANNING, Justice.

This is an appeal from an order overruling the plea of privilege of appellant, University of Texas, to be sued in Travis

County, Texas. Appellee, Mrs. C. E. Booker, a resident of Harrison County, Texas, widow of C. E. Booker, deceased, filed suit in the county court of Harrison County, Texas, against University of Texas Medical Branch, alleging its domicile to be Galveston County, Texas, and alleging that her deceased husband entered said hospital for treatment and was advised that the treatment was free, would not cost him anything, that any papers he signed at the hospital were done at a time when he had no mental capacity to contract, that he would not have signed any papers if he had been advised that he was assigning benefits under his insurance policy, etc., and that an assignment of an insurance policy by her husband to said state hospital was of no force and effect, and she prayed for judgment setting aside said assignment.

The University of Texas filed its plea of privilege to be sued in Travis County, Texas. While this plea is not in the usual full statutory form, and does not state that the legal domicile of the University of Texas was in Travis County, Texas, and that the Medical School of the University at Galveston was a branch of the University of Texas, the plea contends that venue of the suit was in Travis County, Texas, under Sec. 20 of Article 1995, V.A.C.S., and said plea also contains this statutory provision: "No exception to exclusive venue in the county of one's residence provided by law exists in said cause." The plea prayed that the suit be transferred to the County Court at Law of Travis County, Texas.

Plaintiff-appellee did not level any character of exception to appellant's plea of privilege but filed a brief controverting plea, the material portions (omitting formal parts) being as follows:

"Plaintiff denies and here avers to be untrue and false the following allegation contained in such plea of privilege, 'It is untrue that no exception to the exclusive venue in the county of one's residence provided by law exists in said cause.' That the plaintiff will show that the defendant obtained the assignment by fraud and misrepresentation,

which is more fully shown by plaintiff's original petition which petition is adopted and the same is made a part of this controverting affidavit.

"Thereby allowing the plaintiff the right to sue under the terms and conditions provided for in exception No. —— of Article 1995 of Vernon's Annotated Civil Statutes of Texas."

Although appellee did not allege in her controverting plea that subdivision No. 7 of Article 1995, V.A.C.S., was applicable, it is apparent from her brief and pleadings that this is the subdivision or exception that appellee had in mind. This exception reads as follows:

"7. Fraud and defalcation.—In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought *in the county where the fraud was committed* or where the defalcation occurred, *or any of such suits may be brought where the defendant has its domicile.*" (Italics ours.)

Plaintiff-appellee attempts to allege fraud in her petition and controverting affidavit but wholly fails in either pleading to allege *that the alleged fraud was committed in Harrison County, Texas.*

No duly authenticated statement of facts has been filed in this cause. There appears in the transcript a photostatic copy of plaintiff's exhibit of the assignment in question, which instrument appellant requested in writing to be included in the transcript. The transcript also contains a photostatic copy apparently of the insurance policy in question and two letters from doctors—there is nothing in the record to show that either party requested in writing the inclusion of these matters in the transcript. There also appears in the transcript a narrative statement which purportedly recites the testimony of Mrs. Vada Daniels and appellee, Mrs. Charles E. Booker,—this instrument bears a notation from the county clerk that same was filed by plaintiff and that appellant's attorney by telephone conversation gave his permission that same be included in the transcript. Neither party has

made any motion to strike any of the factual matters appearing in the transcript.

Irrespective of the irregularity of some of the factual matters in question being in the transcript in the manner as above shown, an examination of same and the entire record will reveal that the entire record is wholly devoid of any proof *that the alleged fraud was committed in Harrison County*, Texas. In fact, the assignment itself shows that it was executed before a Notary Public of Galveston County, Texas. If any fraud was committed it apparently was committed in Galveston County, Texas, and there is certainly neither pleading nor proof that defendant committed any fraud in Harrison County, Texas.

We quote from McCormick & Ray, Texas Law of Evidence, as follows:

"The Texas courts are required to take judicial notice of the public statutes of this state, and the purposes for which they were enacted. It is therefore unnecessary to plead such statutes or offer them in evidence or refer to them during the trial. Any reference by counsel must be considered as an effort to assist the judge in making his ruling. (Sec. 83, pp. 138–139.)

"Judicial notice will be taken of the territory over which the political department of the state claims control." (Sec. 93, p. 153.)

 This court will take judicial notice of the pertinent portions of the Constitution and statutes relative to the establishment and location of the University of Texas at Austin, Texas, and its Medical Branch at Galveston, Texas. See Sec. 10, Art. VII, Const., Vernon's Ann.St., Chap. 75, Acts 17th Leg., R.S. 1881, p. 79. Also see Givens v. Woodward, Tex.Civ.App., 207 S.W.2d 234, error dismissed, w. o. j., 146 Tex. 396, 208 S.W.2d 363.

In Foley v. Benedict, 122 Tex. 193, 55 S.W.2d 805, 806, 86 A.L.R. 477, it is stated:

"The School of Medicine at Galveston is a school in and is a part of the University of Texas and is under the control and management of the board of regents of the University of Texas. * * *"

In Rainey v. Malone, Tex.Civ.App., 141 S.W.2d 713, 716, it is stated:

"The Regents of the University are clearly officers of the State charged with a most important governmental function. * * * The Board is the 'head of a department of the State Government' * * *."

Section 58 of Article III of the Constitution of Texas declares Austin (which is located in Travis County, Texas) to be the seat of our State Government. The Board of Regents of The University of Texas is the head of a department of the State Government, and it follows that the seat (domicile) of this Board is also in Austin. Further, pursuant to Constitutional and Legislative directives the people themselves, by popular majority vote, located the University of Texas in Austin. The defendant University of Texas Medical Branch is a school in and a part of the University proper, governed by the Board of Regents and administrative officials who govern the University in its entirety.

Although appellant's plea of privilege did not specifically allege that the Medical Branch of the University of Texas at Galveston was a branch of the University of Texas, whose legal domicile was in Austin, Travis County, Texas, we will take judicial notice of the unquestioned legal facts concerning the status and location of the University of Texas and its medical branch. And although the plea of privilege was not couched in the usual full averments of the usual plea of privilege, no exceptions of any character were made to it by appellee.

 It is our opinion that since the plaintiff-appellee neither pleaded nor proved that any fraud was committed by the defendant in Harrison County, Texas, the trial court should have sustained defendant's plea of privilege. See Boger v. Leyendecker, Tex. Civ.App., 209 S.W.2d 210.

It is our further opinion that since plaintiff-appellee neither pleaded nor proved that

any fraud was committed by appellant in Harrison County, Texas, the trial court should have sustained the plea of privilege and transferred the suit to Travis County, even though plaintiff-appellee might have brought the suit originally in some other county, i. e., in Galveston County, Texas. Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65; Fouse v. Gulf, C. & S. F. R. Co., Tex. Civ.App., 193 S.W.2d 241; Great Southern Life Ins. Co. v. Goerner, Tex.Civ.App., 106 S.W.2d 750; Sun Oil Co. v. Wright, Tex. Civ.App., 87 S.W.2d 524. Appellant's first and second points are sustained.

■ Appellant by its third point contends that the trial court erred in holding that exception 20 of Art. 1995, V.A.C.S., was inapplicable to the suit in question. If the suit in question was in fact a suit for mandamus we would agree with appellant that the Board of Regents of the University of Texas was a head of a department of the State Government (within the meaning of said exception 20), and that exception 20 would be applicable to a *mandamus* suit under the authorities cited in the case of State Board of Registration for Professional Engineers v. Hatter, Tex.Civ.App., 139 S.W.2d 169, 170. We quote from this case as follows:

"Revised Statutes, art. 1995, sec. 20, provides: 'Suits for mandamus against the head of any department of the State Government shall be brought in Travis County.'

"In the case of Herring v. Houston National Exchange Bank, 113 Tex. 264, 253 S.W. 813, the Supreme Court held that the Prison Board was the head of a state department within the meaning of a statute exempting heads of state departments from giving bond on appeal. In the case of Board of Water Engineers v. Briscoe, Tex.Civ.App., 35 S.W.2d 804, it was held that the Board of Water Engineers constituted the head of a department of the state gov-

ernment within the meaning of the statute here under consideration, so as to fix the venue of a suit for mandamus against such a Board in Travis county. In the case of Railroad Commission [of Texas] v. Vanway Express Co., Tex.Civ.App., 103 S.W.2d 814, a like holding was made with reference to the Railroad Commission. See also Railroad Commission [of Texas] v. Interstate Motor Freight Lines, Tex. Civ.App., 77 S.W.2d 1100. Under the above decisions, we hold that the Texas State Board of Registration for Professional Engineers was the head of a department of the state government within the meaning of subsection 20 of Article 1995, so as to place the venue of this suit in Travis county." Also see Rainey v. Malone, Tex.Civ.App., 141 S.W.2d 713.

Plaintiff's petition prays that the assignment be set aside or declared by the court to be void and of no force and effect and contains no prayer for mandamus. We hold that this suit is not a mandamus suit and for that reason appellant's third point is overruled.

■ We hold, however, that under the record in this case the burden of proof was on appellee-plaintiff to plead and prove that appellant committed fraud in Harrison County, Texas, and since appellee-plaintiff neither pleaded nor proved that appellant committed any fraud in Harrison County, Texas, and since the legal domicile of appellant was in Travis County, Texas, the plea of privilege should have been sustained.

The judgment of the trial court is reversed and remanded with instructions to the trial court to transfer the suit to the County Court at Law of Travis County, Texas, as prayed for by appellant.

Reversed and remanded with instructions.