PITTSBURG WATER HEATER COMPANY OF TEXAS V.
J. J. SULLIVAN, ET AL.

No. 4439.   Decided April 20, 1926.

(282 S. W., 576).

Venue—Corporation—Residence—Co-defendant—Plea of Privilege.

A corporation of another State doing business in Texas under a permit to do so has a residence in Texas in the county in which it maintains its general office for the State. It may be sued in that county, and with ·it as defendant may be sued there a citizen of Texas jointly liable, though residing in another county and pleading privilege to be sued only in the county of his residence. Venue in such action is sustained under Exception 4 of Article 1830. Rev. Stats., 1911. Mercantile Bank & Trust Co. v. Schuhart, 115 Texas, 114, and other cases followed.   (Pp. 420-425.)

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The Supreme Court having referred the question to the Commission of Appeals, Section B, for their opinion thereon here adopts same and directs that it be certified as the answer of the Supreme Court.

*D. A. Frank* and *Crane & Crane,* for appellant, cited: Bristol v. Chicago, etc. Ry., 15 Ill., 436; Baldwin v. Railway, 5 Iowa, 519; Bogue v. Railway, 193 Fed., 732; Brown v. Boulden, 18 Texas, 434; Burch v. Mounts, 185 S. W., 889; City of St. Louis v. Wiggins Ferry Co., 40 Mo., 586; Crawford v. Carothers, 66 Texas, 200; Express Co. v. Ware, 20 Wall, 543; Good v. Adrian, 233 S. W., 298; Great So. L. Co. v. Dolan, 239 S. W., 242; Insurance Co. v. Woodworth, 111 U. S., 145; McCabe v. Illinois Cent. Ry., 13 Fed., 827; Mercantile Bk. & Tr. Co. v. Schuhart, 277 S. W., 621; Pearson v. West, 97 Texas, 243; Railway v. Rogers, 82 S. W., 824; Railway v. Mangum, 68 Texas, 342; Revised Statutes, Art. 1830; Richardson v. Railway, 8 Iowa, 263; San Angelo, etc. Co. v. Houston, etc., 185 S. W., 887; Shainwald v. Davids, 69 Fed., 704; So. Ry. v. Mayes, 113 Fed., 85-86; Taylor v. Wilson, 99 Texas, 651; Thompson v. Texas L. & C. Co., 24 S. W., 856; Wilson v. Bridgeman, 24 Texas, 615; Zambrino v. Galveston etc. Ry. Co., 38 Fed., 453.

*J. H. Synnott,* for appellee, cited:  Alvis v. Holbert, 238 S. W., 730; Bay State Iron Co. v. Goodall, 75 Am. Dec., 219; Behrens Drug Company v. Hamilton, 92 Texas, 284, 48 S. W., 5; Bergner & Engel Brewing Company v. Dreyfuss, 70 Am. Rep., 251;

Chafee v. Fourth Nat. Bank, 36 Am. Rep., 351; Coca Cola Co. v. Allison, 113 S. W., 308; Cotton States Pet. Co. v. Britton, 230 S. W., 742; Ireland v. Globe Milling & Reduction Co., 19 R. I., 190, 29 L. R. A., 429; Payne v. Coleman, 232 S. W., 537; Railway Co. v. Wheeler, 17 U. S., 130; R. S. Texas, Article 6437; St. Louis S. W. Railway Co. v. McKnight, 89 S. W., 755; T. P. Ry. Co. v. Edmison, 52 S. W., 635; T. & P. Ry. Co. v. Mangum, 68 Texas, 342, 4 S. W., 617; Thompson on Corporation, Section 493, Page 596, Volume 1.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

This cause is pending in the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals of the Fifth District:

"There is pending on submission in the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, the following entitled and numbered cause, No. 9528, Pittsburg Water Heater Company of Texas, appellant, v. J. J. Sullivan et al., appellees, in which the judges of said court are unable to agree as to the disposition that should be made of same, and, owing to the importance of the question involved to the judicial procedure of the state, the judges of said court deem it advisable to certify said cause to the Honorable Supreme Court of Texas.

### "STATEMENT OF THE CASE.

"Appellant, Pittsburg Water Heater Company of Texas, plaintiff in the court below, brought its suit in the District Court of Dallas County, Texas, against appellees, Southwestern Bell Telephone Company and J. J. Sullivan, as defendants, alleging that appellant was a corporation organized under the laws of Texas with its principal office in the city and county of Dallas, State of Texas; that the Southwestern Bell Telephone Company was a corporation organized and existing under the laws of the State of Missouri with its principal office and domicile in the city and county of Dallas, Texas; that F. M. Hoag, who resided in the city and county of Dallas, Texas, was its vice president and general manager and agent, upon whom service of process could be had; and that J. J. Sullivan resided in Harris County, Texas.

"For cause of action, appellant pleaded as follows:

"That appellant has been for many years, and now is, engaged in the sale of Pittsburg Water Heaters and their repairs, some-

times called accessories; that it has for several years had a place of business at various points in Texas, as well as in Dallas, including Houston, Texas; that it has extensively advertised its business at Houston, as well as in other localities, and that a part of its plan of advertising has been to put in the telephone directories its name and designation of its place of business and its telephone number; that in the Houston telephone directory issued by the defendant telephone company from time to time, its advertisement was in substantially the following form:

" 'Pittsburg Water Heater Company of Texas, 611 San Jacinto, Preston 776,' by which it meant, and was understood by the public to mean, that appellant was doing business at 611 San Jacinto Street, Houston, Texas, and that its telephone number was Preston 776. That as a result of said advertisement and strict attention to its business, honesty and fair dealing, appellant had built up in Houston, prior to the first of December, 1924, a valuable business worth to it at least $10,000.00 per annum, net; that a large percentage of the business so built up, to-wit, approximately fifty per cent, was obtained by telephone calls directed to appellant, calling its telephone number, Preston 776, and that this continued up to and until about the first of December, 1924; that on or about said last named date appellee, Sullivan, fraudulently designing to take advantage of the advertisement by appellant and the quality of its product that it sold, and particularly its Pittsburg Water Heater repairs or accessories, procured the appellee telephone company to insert an advertisement in his behalf in its telephone directory issued and distributed by said company to its patrons in Houston, Texas, on or about the first day of December, 1924, immediately under the advertisement of the appellant and in larger type than that of appellant; that said advertisement so inserted was, and is, substantially in the following words:

" 'Pittsburg Water Heater Repairs, Preston 8946,' by which the said Sullivan meant to advise the public that all Pittsburg Water Heater repairs or accessories could be obtained from him by calling the telephone number aforesaid, Preston 8946, and that the public, believing that this was the number of another telephone at appellant's place of business, naturally used this number when wishing repairs. The telephone company filed an answer in the nature of confession and avoidance, alleging that it had no notice that appellee, Sullivan, was seeking said listing or advertisement in the directory of the telephone company with the design to procure to himself the business of appellant of repairing Pittsburg Water Heaters as alleged by appellant.

Appellee Sullivan filed his plea of privilege to be sued in Harris County, Texas, said plea being in the usual form. Appellant filed its sworn plea controverting said plea of privilege as required by statute.

### "DISPOSITION OF TRIAL COURT.

"Said plea of privilege, on proper hearing, was sustained by the trial court on the ground that appellee telephone company was not, within the meaning of the venue statute of Texas, Article 1830 and Article 2308 of the Revised Statutes of the State, an inhabitant or resident of Dallas County, Texas.

### "FACTS.

"On the trial of the plea of privilege the following facts were established:

"That appellee telephone company is a corporation, organized under the laws of the State of Missouri, and is the owner of the Bell telephone lines in several states, including Texas, Oklahoma, Missouri, Arkansas and Kansas, and that it has a permit to do business in the State of Texas and maintains its general office in Dallas for Texas; that appellee, Sullivan, resides in Harris County, Texas, and did so reside prior to and at the date of the several transactions alleged in appellant's petition and controverting affidavit.

### "QUESTION.

"Assuming that a joint cause of action is alleged against the appellees, will the fact that appellee telephone company has a permit to do business in Texas; and, prior to and at the time of the filing of this suit, had its general Texas headquarters in Dallas County, Texas, authorize the joinder of the appellee, Sullivan, with it as a defendant in said suit and the holding of the cause for trial in Dallas County against Sullivan's plea of privilege to be sued in the county of his residence, on the theory that the appellee telephone company resides in Dallas County, Texas, within the meaning of Exception 4 of Article 1830 of the Revised Statutes of Texas?

"The decision of this question is in our judgment necessary to a determination of said cause."

The general rule with reference to venue of suits is stated in Article 1830 of the Revised Civil Statutes of 1911, as follows:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except in the following cases, to-wit:"

Exception 4 to aforesaid Article reads as follows:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants reside."

In construing aforesaid statutes, which have been the law ·in this State for more than half a century, our Supreme Court has held that "resident" and "inhabitant" convey the same meaning and that the word "domicile" is used in the sense of "residence." Our court has also definitely determined that a party has but one *domicile* but may have several *residences*. In the very ·early case of Brown v. Boulden, 18 Texas, 434, the court said:

"It, not infrequently, is a question of considerable nicety and difficulty to determine in which of two places a man's domicile really is. The statute also uses 'inhabitant.' An inhabitant and resident mean the same thing. And the word 'domicile' is ·evidently used in the statute in the sense of residence. But there may be a difference between a man's residence and his domicile. He may have his domicile in one place and still may have a residence in another; for although a man, for most purposes, can be said to have but one domicile, he may have several residences."

These holdings have been expressly approved in the following decisions of our Supreme Court: Wilson v. Bridgeman, 24 Texas, 615; Pearson v. West 97 Texas, ·238, 77 S. W., 944; Taylor v. Wilson, 99 Texas, 651, 93 S. W., 1095. In the Pearson case, supra, one George West voted in Live Oak County and served on juries there and maintained his citizenship there generally. But, he resided part of the year in Bexar County. The District Court and Court of Civil Appeals held that he was not suable in Bexar County. But, the Supreme Court reversed the holding and held to the contrary. Judge Brown summed up the matter as follows:

"The statute required that West should be sued in the county of his residence, and of this right he could not be deprived, but as he had a residence in each of two counties at the same time the law was satisfied by a suit at either place. The object was to bring litigation to the home of the defendant, which is done by suing in either county in which he resides."

In the Wilson case, supra, one Taylor was sued in Liberty County, Texas, the residence of the plaintiff, Wilson. Taylor was an inhabitant and citizen of New York State but maintained a residence temporarily in Jefferson County, Texas. It was contended that he was not an "inhabitant" of the State of Texas and therefore not entitled to this statutory venue protection and that he could be sued wherever the plaintiff resided. But, Justice Williams held otherwise and concluded that he must be sued in

Jefferson County, where he resided within the meaning of this statute. We quote from Judge Williams as follows:

"The construction given to the statute in Pearson v. West, and the cases therein referred to, applicable when the defendant has more than one residence in the State, is urged upon us as controlling this question. But they are clearly consistent with our present conclusion. The statute only requires that the suit be brought in the county of defendant's residence, and this is not violated by suit in the county of either of such residences where there are more than one in the State. But here there is only one residence in the State and it is a violation of the statute to sue anywhere but in the county where it is situated, unless the fact of another residence out of the state, ought, under the statute, to affect the venue of suits in our courts. The question which thus arises is different from the one involved in the cases referred to. Residence of the defendant in the state determines the venue of suits in our courts, while his residence out of the state cannot do so."

In this State it is definitely settled that a person may maintain several residences and that he is suable in any one of such places. And, it is equally well settled that a citizen of another State may claim the benefit of being sued in any one of the residences he may occupy in Texas.

Is there any distinction to be drawn between an *individual* defendant and a *corporation* defendant? Is a non-resident *citizen* entitled to any more rights under our laws than a non-resident *corporation?* We think not. All the courts hold that, generally speaking, a corporation is a person within the meaning of the law. Of course, the rights of such persons are generally fixed by statute. As indicative of the views of all the courts upon this particular question, we quote as follows from the opinion of the United States Circuit Court of Appeals in the case of Southern Railway Company v. Mayes, 51 C. C. A., 72, 113 Fed., 85:

" * * * for said facts show conclusively that the defendant corporation ever since it commenced doing business in the State of North Carolina *has had a local abode and habitation in that state,* for more than *three years prior to the institution of this action.* The defendant company is, within the provisions of the Fourteenth Amendment of the Constitution of the United States, a *person,* having *all* the *rights* that a *natural person may have* in actions for or against it."

The law in Texas follows the rule we have just quoted. Our courts make no distinction, so far as venue is concerned, between

a domestic and foreign corporation. Nor do the statutes themselves make any such distinction. Exception 24 to Article 1830, referring to domestic corporations, and exception 28 thereto, referring to foreign corporations, read exactly alike as to where such defendants are suable. Again, it has been the statutory law in Texas for years that when a foreign corporation obtains a permit to do business in this State "it shall have and enjoy all the rights and privileges conferred by the laws of this State on corporations organized under the laws of this State."

This brings us to the query as to where a defendant corporation *resides*. Our Supreme Court has answered this question in no unmistakable way in the case of Railway Company v. Mangum, 68 Texas, 342, 44 S. W., 617. In that case, it was held by Judge Stayton that, where there was a joint cause of action against the two defendants, a citizen of Harrison County, Texas, could be sued in Tarrant County, where a foreign railroad corporation kept its principal office and, under the statute applicable, said county became its domicile. In discussing the law, the court said:

"It is very generally held that a corporation is an inhabitant of the State under whose law it is incorporated, and that it has a residence wherever it conducts its ordinary business. (Railway Company v. Litson, 2 Howard, 497; Coural v. Insurance Co., 10 Howard's Prac., 403; Baldwin v. Railroad Co., 5 Iowa, 519; Richardson v. Railroad Co., 8 Iowa, 263; Pond v. Railroad Co., 17 Howard's Prac. 544; Belden v. Railroad Co., 15 Howard's Prac., 18; Glaise v. Railroad Co., 1 Strob., 72."

The authorities cited by Judge Stayton support his conclusion. And, aside from that holding, he went on to say that the statute fixed the residence of this company where it maintained its principal office in this State.

Under the decisions of practically all the courts, a corporation defendant resides, in the absence of statutory regulation, wherever it does business. But, the Legislature of our State, doubtless with a view of avoiding certain hardships under the venue statutes which would follow such a *broad* holding, has limited the residence of corporations doing business in this State. Of course, a different rule applies to railway company defendants. They are suable in more places than any other corporations. But, generally speaking, under the exceptions afore-mentioned, either foreign or domestic corporations in this State are suable either where the cause of action, or a part thereof, accrued, or "in the county in which the principal office of such company may be situated."

The clause in the statute just quoted is clearly intended to fix one *definite residence* of the corporation wherein it may be sued. Other places where it may be sued are also fixed by statute, but those clauses in the statute require construction by the courts. If a plaintiff has any doubt about his right to sue elsewhere, under the facts of his particular case, there is at least one place where the law says the company can be sued and about which there can be no doubt.  If the company maintains a principal office in this State, it *resides* there for the purpose of being sued.  It is not necessary for us to go further and determine whether or not a citizen of Dallas County could sue a citizen of Harris County and the Southwestern Bell Telephone Company on a joint cause of action in Bexar County, just because the cause of action may have accrued in the latter county.  In other words, whether it could be said that the corporation *resided* there within the meaning of Exception 4 to Article 1830.  But, we are clear in our view that, under the decisions of our courts, and under the express provision of our statutes aforesaid, a foreign corporation is, *in any event,* a resident of that county in Texas where its principal office is maintained.  Under the rule laid down by Judge Stayton in the Mangum case, supra, this is a necessary conclusion.

The plaintiff could have brought the instant case either in Harris County, where Sullivan resides, or in Dallas County, where the agreed fact is that the Telephone Company maintains its principal office in Texas.  And, we think the venue statutes are just.

Our views are in accord with two very recent cases.  In the first place, the Court of Civil Appeals at Dallas (whose certificate we are now considering in the case at bar), speaking through Justice Looney, only a few months ago held that "no good reason exists why a corporation, just as an individual," may not come within Exception 4 under Article 1830.  The court said it did not make such holding because it was not necessary to do so in deciding that particular case.  See: Russell Grader Manufacturing Company v. McMillin, 271 S. W., 124.

But, still more recently, and in fact since the filing of the certificate in the instant case, the Supreme Court has adopted the opinion of Section A of the Commission of Appeals, written by Judge Nickels, answering certified questions in the case of Mercantile Bank & Trust Company v. Schuhart, 277 S. W., 621.  In that case, the plaintiff sued in Dallam County, joining as defendants the First National Bank of Dalhart, the Mercantile Bank & Trust Company of Dallas and two private citizens of the latter

county. The Dallas defendants filed a plea of privilege, contending that the residence of the Dalhart National Bank in Dallam County could not hold the other defendants there. Judge Nickels overruled their contention and sustained the holding of both of the lower courts. He expressly held that the National Bank at Dalhart was a resident defendant of that county within the meaning of Exception 4 to Article 1830. In that case, the National Bank was not a domestic corporation under the laws of Texas. But, as already shown, our Texas statutes treat domestic and foreign corporations exactly alike with reference to venue. The National Bank resided in Dallam County, where its principal place of business was maintained. In the instant case, the Telephone Company, by express provision of the statute, is suable in Dallas County, its residence, where its principal office in Texas is located. We think the Schuhart case was decided correctly. If so, there is no apparent reason why Dallas County should not be given jurisdiction of the case at bar.

For the reasons stated, we recommend that the question certified be answered in the affirmative.

Opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

      *Thos. B. Greenwood,* Associate Justice.
      *William Pierson,* Associate Justice.