## McMULLEN v. BURTON AUTO SPRING CORPORATION.

### No. 12854.

Court of Civil Appeals of Texas. Dallas.

March 2, 1940.

Shirley W. Peters and F. B. Davenport, both of Dallas, for appellant.

Samuels, Foster, Brown & McGee, of Fort Worth, for appellee.

LOONEY, Justice.

This appeal is from an order sustaining a plea of privilege. The parties will be referred to as in the court below. J. L. McMullen, a resident citizen of Dallas County, Texas, sued Burton Auto Spring Corporation, a foreign corporation chartered under the laws of the State of Illinois, seeking damages for the breach of a personal service contract.

The defendant filed a plea of privilege to be sued in Tarrant County, alleging that its office and place of business, also the residence of its officers and agents, at all times involved here, were in the City of Fort Worth, Tarrant County, Texas, and not in the County of Dallas. Controverting the plea of privilege, plaintiff contended that the defendant, being a foreign corporation transacting business in the State without a permit, could not assert the privilege of being sued in any particular county.

The facts are undisputed. Defendant is a foreign corporation, chartered under the laws of the State of Illinois, and, in good faith, had attempted to obtain a permit to do business in Texas, but its application was refused after being on file with the Secretary of State for more than a year. It maintained a principal office and place of business in the City of Fort Worth, Tarrant County, Texas, and has never maintained an office, place of business, agent or representative in any county of the State, other than in Tarrant County; nor did the cause of action sued upon arise in whole or in part in Dallas County, Texas. The court overruled plaintiff's motion to strike, the demurrers urged, and, on hearing, sustained the plea, and changed venue of the case to a court of proper jurisdiction in Tarrant County.

The sole question presented is, whether or not a foreign corporation, transacting

business at a definite location in a particular county of the State, although without a permit, is precluded from urging a plea of privilege to be sued in the county where it maintained an office and conducted its business?

■ As an approach to the question, we think it may be correctly said that, the terms "inhabitant" and "resident", as employed in the venue statute, are synonymous; also that the terms "domicile" and "residence" are used interchangeably. See Pittsburg Water Heater Co. v. Sullivan, 115 Tex. 417, 282 S.W. 576; Russell Grader, etc., Co. v. McMillin, Tex. Civ.App., 271 S.W. 124. ·

The precise question presented, apparently, is one of first impression in this State. The only case cited by plaintiff in support of his contention is, Aviation Credit Corporation v. University Aerial Service Corporation, Tex.Civ.App., 59 S.W.2d 870, 871, which, in our opinion, is not in point. The court merely held that, a plea of privilege urged by a foreign corporation was insufficient, in the absence of allegations as to its domicile or residence in the State, saying: "The·trial court did not err in sustaining exceptions to appellant's plea of privilege. It alleged therein that it was domiciled in, and a resident of, New York State. Nowhere did it allege that it also had a domicile in, or was a resident of, the state of Texas."

The case of Atchison, T. & S. F. Ry. Co. v. Stevens, 109 Tex. 262, 206 S.W. 921, 922, is analogous. The defendant, a foreign railway corporation, was sued in El Paso County, Texas, and filed a plea of privilege, alleging that it was not conducting business where sued, but did conduct business in the counties of Potter, Hemphill, Galveston, Johnson and Cooke, contending that it was suable, if at all, in one of the counties named. Disposing of the question, Chief Justice Phillips, speaking for the Supreme Court, said: "The real question in the case is one of venue. For the Railway Company to have been properly suable in El Paso County it was necessary that·it have an agency or representative in that county. Under its plea it was shown not to have had an agency or representative there * * *"; holding that venue of the case should be changed "to the District Court of one of the counties named in the defendant's plea of privilege, as the plaintiff may elect." To properly appraise this holding, it is important

to understand that, a foreign corporation is without authority to either construct,. build, operate, acquire, own or maintain a railroad within the State (Art. 6260, R.C. S.); so, if the company was conducting a railroad business in either of the counties of the state named, it did so without legal authority; but, notwithstanding that fact, the Supreme Court held that it had the right, as a litigant on the defensive, to plead its privilege to be sued in a county where it conducted its business.

The case of Tucker v. Ingram, 187 S. C. 525, 198 S.E. 25, by the Supreme Court of South Carolina, if decided by a Texas court, would be precisely in point. It seems that the South Carolina statutes on the subject are similar to our own, and the factual set-up is very similar. The court held, regardless of whether or not the North Carolina company had been domesticated under the laws of South Carolina, that, by the establishment of an office and agent in Richland County, S. C., the defendant corporation became a resident of that county, and that the question of its domestication, whether or not, was irrelevant.

The legislative history of the subjects involved, is substantially this: The Legislature, at its 20th Session in 1887, for the first time, enacted a statute requiring foreign corporations desiring to transact business in this State, to secure a permit (see Ch. 128, Laws 20th Leg., Approved April 2, 1887). The penalty imposed upon a foreign corporation transacting business in the State without a permit, was the deprivation of the right to exercise the power of eminent domain, or the rights and privileges conferred generally upon corporations. This act was declared unconstitutional, because it contained a provision prohibiting foreign corporations, holding permits, from removing suits from a state court to a federal court. Texas, etc., Co. v. Worsham, 76 Tex. 556, 13 S.W. 384. Thereafter, the 21st Legislature, at its regular session in 1889 (Ch. 79) repealed the Act of April 2,. 1887, and enacted in lieu, a measure, the penalty provisions of which forbade a foreign corporation, without a permit, to maintain any suit or action, legal or equitable,. in any of the courts of the State, upon any demand either ex contractu or ex delicto, unless, at the time the contract was entered into or the tort committed, the corporation held a permit to transact business in the State. Thus the law on the subject stood until 1931, when the 42nd Legislature

amended the penal provisions of the statute to read: "No such corporation can maintain any suit or action, either legal or equitable, in any Court of this State upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this Chapter. If any corporation shall transact intrastate business in Texas without first having obtained a permit under the provisions of this Chapter such corporation shall forfeit to the State of Texas not less than One Hundred ($100.00) Dollars nor more than Five Thousand ($5,000.00) Dollars for each month or fraction thereof it shall transact such business without a permit as required hereunder, to be recovered in a suit to be brought by the Attorney General in Travis County, Texas, and the State shall have a lien on all properties of the corporation for said penalties and any corporation may be enjoined by the Attorney General when transacting such business without a permit as required hereunder." See Art. 1536, R. C.S., Vernon's Ann.Civ.St. art. 1536.

Although the law regulating venue of suits against foreign corporations doing business in the State has been amended and codified a number of times (see Ch. 34, Gen.Laws, 14th Leg., Approved March 21, 1874; also Ch. 87, Gen.Laws, same session; Subd. 21 of Art. 1198, Codification of 1879; Ch. 83, Gen.Laws, 19th Leg., Approved March 31, 1885; Amended by 20th Leg., Act Approved April 4, 1887, appearing as Subd. 25 of Art. 1194, Codification of 1895; as Subd. 28 of Art. 1830, Codification of 1911, and in the present statute, as Subd. 27 of Art. 1995), we think it significant that, throughout the legislative history of the two subjects mentioned, no purpose has been manifested to deprive a foreign corporation, doing business in the State without a permit, of the right to urge a plea of privilege to be sued in the county where it transacted business, or of any other available defense. As the Legislature has not seen fit to do so, clearly a court is not authorized to add to the penalties prescribed by the Legislature for failure to comply with the permit law, the additional penalty of depriving a foreign corporation of this valuable defensive right.

For the reasons stated, we do not think the court erred in sustaining the plea of privilege and in changing the venue of the cause, therefore its judgment is affirmed.

Affirmed.