

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable P. W. Minter
County Attorney
Jim Hogg County
Hebbronville, Texas

Dear Sir:

Opinion No. O-5660
Re: Under the given facts, would
the person in question be re-
quired to have a non-resident
license in order to hunt with
a gun?

Your request seeking our opinion on the above stated question has been received and carefully considered by this department.

Articles 984 and 904a of the Penal Code respectively provide:

"No citizen of this State shall hunt outside of the county of his residence with a gun without first having procured from the Game, Fish and Oyster Commissioner, or one of his deputies, or from any county clerk in this State, a license to hunt, and for which he shall pay either of such officers the sum of two ($2.00) dollars; fifteen cents of which amount shall be retained by said officer as his fee for collecting.

"The fee for a non-resident citizen or alien hunting license shall be twenty-five ($25.00) dollars; three ($3.00) dollars of such amount shall be retained by the officer issuing such license as his fee for collecting, issuing, and making report on license so issued and for remitting the remaining twenty-two ($22.00) dollars to the Game, Fish and Oyster Commission.

"Any person hunting with a gun out of the county of his residence without a license authorizing him to hunt out of the county of his residence, or

Honorable P. W. Minter, page 2

any person who fails or refuses on demand by any officer to show such officer his hunting license required of him by this article shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than ten ($10.00) dollars, nor more than one hundred ($100.00) dollars; provided, that the provisions of this article requiring hunting license shall not apply to persons under seventeen years of age."

"Any non-resident of this State or any alien who shall hunt wild game and birds in this State without first securing a license to hunt from the Commissioner or his deputy or the county clerk shall be fined not less than ten nor more than one hundred dollars."

As to whom are considered citizens and non-residents under this chapter of the Penal Code, we quote from Article 920 as follows:

"For the purpose of this chapter, any person, except an alien, who has been a bona fide resident of this State for a period of time exceeding six months, continuously and immediately before applying for a hunting license, shall be considered a citizen of this State.

"An alien is any person who is not a natural born citizen of the United States of America, and who has not declared his intention to become a citizen of the United States of America.

"A non-resident shall be any person who is a citizen of any other State, or who has not continuously or immediately previous to the time of applying for a hunting license, been a bona-fide resident of the State of Texas, for a period of time more than six months."

Your query is whether a person would be required to obtain a non-resident hunting license under the following facts which appear in your letter as follows:

Honorable P. W. Minter, page 3

".  .  .  .

"5.  .  .  .  .  (a) The Defendant is 42 years of age; (b) He was born and reared in Alabama until he was 11 years of age, when his parents removed to Anderson County, Texas, where he was reared to young manhood; (c) His father died only about 4 or 5 years after moving to Anderson County, Texas, and Defendant's older brother then being in the Armed Forces of the U. S. A., the principal burden therefore of taking care of his widowed mother and six younger brothers and sisters, as well as the farm, fell upon the Defendant; (d) Because he could not successfully do so on the farm, Defendant engaged in Oilfield work when he was about 20 years of age, and he has intermittently but principally been engaged in such work until the present time; (e) While his Oilfield work has been for various Employers, it has been principally in Texas, with the exceptions hereinafter stated; (f) He married about 1927, and about 1928, he purchased a farm in Anderson County, Texas, which he continued to own until he sold same about 1940; (g) His first work in Louisiana was in 1933, for about 2 months, when he returned to Texas; (h) His work for various Employers was then in Texas until about May or June, 1941, when the same required him to go back to Louisiana with his family until about February, 1942, being approximately 9 months, when he again returned to Texas; (i) However, in 1937, he purchased a home in Houston, Harris County, Texas, where he and his family resided for sometime, after which they removed to his farm in Anderson County, Texas, because of the high cost of living in Houston, but he continued to own said home in Houston until only about 2 months ago, when he sold same; (j) He registered his automobile both in Texas and Louisiana in 1941, and he also registered same in both States for 1942, but he only registered same so far in Louisiana in1943; (k) He registered under the Selective Service Act in Wharton County, Texas; (l) In January, 1943, while residing in El Campo, Wharton County, Texas, he was employed by his present Employer, the Phillips Petroleum Company, for the first time; (m) the Phillips Petroleum Co. required him to go to Louisiana in January, 1943, on his work, but the Defendant claims that it was on the express proposition that he was to be there only

Honorable P. W. Minter, page 4

temporarily, after which they would return him to Texas, and the Defendant has furnished us with a letter of January 6th., 1943, from said Phillips Petroleum Company addressed to him at El Campo, Texas, indicating such facts to be true; (n) Their children were in school in El Campo during the first part of the school-year of 1942 & 1943, but went to Louisiana where he was employed in January, 1943; (o) They remained in Louisiana until the first part of May, 1943, when they returned to Texas; (p) Defendant has claimed Texas as his residence since before January, 1943, when he went to Louisiana as above indicated; (and (q), He has never owned a home or any other real estate in Louisiana, and never sold his home in Houston, Harris County, Texas, until about two months ago.

"6. (a) The Defendant has been residing with his family in Mirando City, Webb County, Texas, for about six weeks or two months; (b) He purchased a Resident Hunting License No. 69148, at Aguilares, Texas, on September 13th., 1943; on the theory that he was a resident of Texas, under the facts above stated, although he had only returned to Texas with his family the early part of May, 1943; and (c) The Local Game Warden filed a complaint against him as indicated in Par. 4 above, on the theory that he was a Non-resident of Texas under Art. 920, P. C., and therefore not entitled to hunt under a Resident Hunting License because he had not bodily resided in the State for 6 months next preceding the procuring of such Resident Hunting License.

". . . ."

The problem presented by your request is to determine what the Legislature intended when it used the clause that for a person to be a citizen under this Chapter he must be a bona fide resident of this State for a period of time exceeding six months continuously and immediately before applying for a hunting license. A solution to this question will in turn answer your request.

As stated in your letter, there has been no judicial or departmental construction of these sections of the Penal Code. We do not think, however, that reference to other statutes and

Honorable P. W. Minter, page 5

provisions of our laws and the construction placed thereon by our courts as to the meaning of a bona fide resident will be of much aid in reaching a solution to the query presented in this request. We say this after noting the principle announced in the case of Ex Parte Blumer, 29 Tex. 736, where the Supreme Court of Texas stated that the definitions and scope of what constitute citizen and resident depend upon the individual and separate statutes; that is, the meanings of these words must be ascertained not from a general definition usually given them but rather from the intent, purpose and idea the Legislature had in mind in enacting each particular law. This expression of the Supreme Court has been followed by subsequent decisions.

Before attempting to ascertain what the Legislature meant by the clause "a bona fide resident of this State for a period of time exceeding six months, continuously and immediately before applying for a hunting license" as used in Article 920, supra, we deem it important to note that often the words "resident" and "citizen" and "residence" and "domicile" are used in our statutes interchangeably and have been sometimes construed to have substantially the same meaning. Dodd v. Dodd, 15 S.W. (2d) 686; Brown v. Boulder, 18 Tex. 433; Pittsburg Water Heater Company v. Sullivan, 115 Tex. 417, 282 S. W. 576. Since the Legislature does use the terms referred to interchangeably, it would in our opinion be proper to observe the exact meaning usually attached to each of these words and thereby determine in what manner the clause heretofore mentioned in Article 920 was intended to be used.

The court in the case of Pecos R. Co. v. Thompson, 106 Tex. 460, 167 S. W. 801, very ably distinguished between residence and domicile by the following language:

"'Residence' means living in a particular locality, but 'domicile' means living in that locality with the intent to make it a fixed and permanent home. Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it ones domicile."

A person therefore may be a resident of one place and have his domicile in another place. A person is usually considered to be a citizen of the place of his domicile.

It is our opinion that the Legislature used the language under discussion in the sense that a person must have established in this State a domicile for a period of time exceeding six months continuously and immediately before applying for a hunting license to be considered a citizen of this State under this chapter. He must have resided in Texas with the intention of remaining and establishing his home for the prescribed period of time. We have reached this conclusion by first considering the definition of a non-resident under Article 920. A non-resident is first described as a citizen of another state. It is evident that when the Legislature used "citizen" in this sentence, it meant a person who had his domicile in another state, for a person cannot be a citizen of another state and at the same time be a citizen of Texas. This Article further describes a non-resident as a person who has not been a bona fide resident of this State for a period of time exceeding six months continuously and immediately before applying for a hunting license. As we have previously stated, a resident is a person who is bodily present at a certain location. If the Legislature did not deem the sentence under discussion to mean more than this, it would not have used the words "bona fide." That term would be surplusage, and in construing a statute such an interpretation should be avoided if possible. In fact, it appears quite evident the Legislature had something more in mind than merely the actual presence of a person as shown by the additional term "bona fide," and we believe they meant by a bona fide resident a person who had established a domicile. Thus under our interpretation, a non-resident is a citizen of another state or a person who has not established his domicile in Texas for a period of time of more than six months continuously and immediately before applying for a hunting license. In other words, a person must have had his domicile in Texas for the required period of time or he is classed as a "non-resident" by the statutes.

This construction likewise harmonizes with other portions of Article 920. A citizen of a State is usually one who has a domicile in the State. Thus when this Article defines a citizen as any person, except an alien, who has been a bona fide resident of this State for a period of time exceeding six months continuously and immediately before applying for a license, it was merely extending the general requisites of a citizen by requiring the establishment of such domicile for more than six months. Usually it is of no consequence how short the residence may have been to establish a domicile, for it is the fact of the

residence coupled with the intention that establishes the domicile. However, to qualify under the Game Statutes as a citizen or resident hunter, one is required to reside in Texas with the intention of making his home in this State for more than six months. We are of the opinion there is a reason for requiring this extra time before one is considered a citizen under our Game Statutes in that many out-of-state hunters might enter this State during the hunting season, declare that they intended to establish a domicile in Texas, obtain a resident hunting license, do their hunting and then return to their respective domiciles in other states. To prevent such practice, the Legislature saw fit to require a person to establish his domicile for more than six months to come within the purview of being a citizen and securing a resident hunting license. Such is, we believe, to be the intent and purpose of the statute considered.

After a person has established a domicile, it is not necessary that he actually continue to be a resident to keep his domicile. It has been said that a person for most purposes can have but one domicile, but can have several places of residence. In other words, after a domicile has once been acquired so long as the intention to keep it be constant, a person may be a resident of another state yet maintain his original domicile. See 15 Tex. Jur., pages 708 to 711. Thus, under the Game Statutes, after a person has continuously and immediately lived in Texas for over six months with the intention at all times of making this State his domicile, he has established himself as a citizen of Texas and would be entitled to secure a resident hunting license. After a person has established such a domicile, it is not necessary for him to maintain it by continuing to be a resident of Texas. He may move into another state and become a resident of that state but so long as he does not abandon his intention to retain his domicile in Texas, but to return to Texas when the occasion for his temporary absence from Texas no longer exists, he remains a citizen of Texas add under Article 920 is entitled to hunt in this State with a resident hunting license.

Whether a person who has once established his domicile in Texas for more than six months has lost his status as a citizen of Texas by moving to another state and remaining there for any period of time is a question of fact to be determined from all the facts and circumstances connected with his removal,

Honorable P. W. Minter, page 8

which this department has for many years steadfastly refused to pass upon or decide. However, we believe what has been said above will enable you to determine the question submitted according to the facts in the particular case which gave occasion for your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 1, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By

Robert O. Koch
Assistant

ROK:db