Travis WARD, Petitioner,

v.

FAIRWAY OPERATING COMPANY, Inc.,
et al., Respondents.

No. A–9142.

Supreme Court of Texas.

Jan. 9, 1963.

Rehearing Denied Feb. 6, 1963.

Dawson & Dawson, Mays & Jacobs, Roe, Ralston & McWilliams, Corsicana, Moore & Holland, Athens, for petitioner.

Wilson, Miller, Spivey & Steger, Tyler, William J. McKie, Corsicana, Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, for respondents.

STEAKLEY, Justice.

Petitioner sued the two respondent corporations, Fairway Operating Company, Inc., and Fairway Oil and Gas Company, Inc., and the individual respondents, in Navarro County. We are concerned in this opinion with only the latter corporation. All respondents filed pleas of privilege claiming residence in Smith County. Petitioner by controverting affidavits asserted venue in Navarro County as to Fairway Oil and Gas Company, Inc., in virtue of its designation of a registered office in Navarro County as required by Article 2.09, subd. A(1) of the Texas Business Corporation Act, Vernon's Annotated Civil Statutes. Venue in Navarro County was asserted as to the individual respondents under Subdivision 4 of Article 1995, Revised Civil Stat-

utes. After hearing, the trial court sustained the pleas of privilege of all of the respondents and ordered the case transferred to Smith County; the judgment recited that Smith County is "the residence of said defendants."

The Waco Court of Civil Appeals affirmed the judgment upon the holding that the designation by the corporation of its registered office in Navarro County did not constitute the corporation a resident of Navarro County for venue purposes. 358 S.W.2d 143. The court recognized conflict with the Dallas Court of Civil Appeals in United States Furniture Corporation v. Twilite Mobile Homes Manufacturing Co., Tex.Civ.App., 355 S.W.2d 851, in which it was held that Articles 2.09 and 3.02 of the Texas Business Corporation Act established the residence of corporations for venue purposes.

Article 3.02, subd. A(10) of the Business Corporation Act requires the articles of incorporation to set forth "the post office address of its initial registered office and the name of its initial registered agent at such address."

Article 2.09, Subdivision A, requires a corporation to "have and continuously maintain in this State: (1) A registered office which may be, but need not be, the same as its place of business. (2) A registered agent, which agent may be either an individual resident in this State whose business office is identical with such registered office, or a domestic corporation, or a foreign corporation authorized to transact business in this State which has a business office identical with such registered office."

Article 2.10 authorizes a corporation to change its registered office or registered agent by filing in the office of the Secretary of State a statement to such effect containing the information outlined in the article.

■ We construe the phrase in Article 2.09, subd. A(1) "which [registered office] may be, but need not be, the same as its place of business," as legislative authorization for a corporation to have its registered office and agent correspond, or not, at the option of the corporation, with its principal office or place of business; but that the place of its designated registered office and agent shall constitute a statutory place of residence of the corporation where it can always be found. The required dual designation of registered office and agent may not be considered, in legislative purpose, as contemplating only service of process since registered agent alone would suffice. The statute as so construed is not onerous or unfair to a corporation since it can eliminate a statutory residence where it ceases to have any business activity or presence by complying with Article 2.10 of the Act.

We also ascribe to the legislature in the enactment of these Articles of the Business Corporation Act an intent to establish a solution to the recurring problem of factually ascertaining the county in which the principal office of a corporation is located, and thus where it is domiciled, while, at the same time, by means of the retention of Subdivision 23 of Article 1995, continuing, for venue purposes, and as an exception to general venue in the county of residence, the right of suit against a corporation in the county where its principal office is situated in those instances where a corporation has elected to designate its registered office and agent elsewhere. Article 1995 provides that "No person * * * shall be sued out of the county in which he has his domicile except in the following cases," and there follows the various exception subdivisions, including subdivision 23.

As so construed, the Act constitutes a statutory pronouncement of where a corporation resides for venue purposes which meets the requirements of decisions illustrated by Pittsburgh Water Heater Company of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576, upon which respondents rely. Moreover, this construction comports with the reasoning of cases illustrated by Hawk and Buck Co., Inc. v. Cassidy, Tex.Civ.App., 164 S.W.2d 245, and with the prevailing views of the courts of other states.

■■ Our holding that the respondent corporation is suable in Navarro County in which its statutorily designated registered office is located brings us to respondents' second counterpoint asserting an independent ground for affirming the judgment of the trial court, namely, that petitioner "failed to prove by a preponderance of the evidence a cause of action against Fairway Oil & Gas Company." Thereunder, respondents maintain that the trial court impliedly found that petitioner did not sustain a cause of action against the resident corporation as required by Subdivision 4 of Article 1995 to hold the non-resident defendants in Navarro County.

Two things are apparent from the recitation in the judgment of the trial court that Smith County is the "residence of said defendants": first, that the trial court held, as did the Court of Civil Appeals, that the corporation is not a resident of Navarro County for purposes of venue, which holding we have determined was erroneous; and, second, that the trial court did not reach, and hence did not pass upon, the question of whether petitioner established a cause of action against the corporation. The latter is necessarily so because Subdivision 4 could not be involved if there were no resident defendant and there could not be a Navarro County resident defendant under the holding that all the defendants were residents of Smith County. Thus an implied finding with regard to the non-establishment of a cause of action against the corporation would fly in the face of the actual action and judgment of the trial court, and would not permit of relief to petitioner from the error of the trial court, and of the Court of Civil Appeals, by affording petitioner a Subdivision 4 trial and determination by the trial court. The situation is one where the error of the trial court becomes, in effect, error in the whole proceeding at this stage and requires a reversal and remand of the case in the interest of justice. See Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause is remanded to the trial court for further proceedings in accordance with the holding that the corporation defendant is a resident of Navarro County for venue purposes.

GRIFFIN, J., dissenting.