**James R. VINES et al., Appellants,**

v.

**HARRY NEWTON, INC. et al., Appellees.**

**No. 15483.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 12, 1969.

On Rehearings Sept. 11, 1969.

Second Rehearing Denied Oct. 9, 1969.

Patterson, McDaniel & Browder, Houston, for appellants; Bennett B. Patterson, Stephen W. Schueler, Houston, of counsel.

Fulbright, Crooker, Freeman, Bates & Jaworski, Royce R. Till, Arno W. Krebs, Jr., Houston, for appellees.

COLEMAN, Justice.

This is an appeal from the order of the trial court sustaining the pleas of privilege of Harry Newton, Inc., and R. N. Adams Construction Company. No findings of fact or conclusions of law were requested or filed. Subdivisions 4, 23 and 27, Art. 1995, Vernon's Ann.Civ.St., R.C.S., are the exceptions to the general venue rule with which this appeal is concerned.

This suit arose out of a collision between a passenger vehicle and a truck on Highway 90 in Waller County, Texas. Several passengers in the station wagon were killed. A suit for damages was filed in Harris County, Texas, against the driver of the truck, the owner of the truck, and three corporations who were engaged as joint venturers in the construction of a portion of Interstate Highway No. 10 paralleling Highway 90, and approximately 20 feet away from it. It is contended that the negligence of the joint venturers in failing to use the necessary safeguards to protect the highway and maintain it in a safe condition during heavy rains and inclement weather, particularly at night time, was a proximate cause of the collision. It is also contended that the driver of the truck, and its owner, J. V. Harrison Truck Lines, Inc., were guilty of negligence, which was a proximate cause of the collision.

R. N. Adams Construction Company is a Delaware corporation having its principal office in Texas in the City of Kaufman.

Harry Newton, Inc. is a Texas corporation having its principal office and place of business in the City of Graham, Young County, Texas. Gulf Bitulithic Company is a Delaware corporation with a permit to do business in the State of Texas, and having a registered agent and its principal place of business in Texas in the City of Houston. J. V. Harrison Truck Lines, Inc. is a Texas corporation with a domicile and registered agent in Houston, Texas. The plaintiffs are residents of Harris County, Texas.

Harry Newton, Inc. and R. N. Adams Construction Company filed pleas of privilege, alleging that the counties of their principal places of business were, respectively, Young County and Kaufman County, Texas. The pleas of privilege were controverted. In the plaintiffs' second amended petition it was alleged that the domicile and principal place of business of Harry Newton, Inc. was the City of Freeport, Brazoria County, Texas. It was stipulated that its office and principal place of business was in Young County, Texas. There was no proof presented at the trial as to the location of its registered agent or office.

■■■■■ R. N. Adams Construction Company is a foreign corporation and venue as to it is determined by the provisions of Subsection 27 of Art. 1995, R.C.S. To sustain venue in Harris County it was necessary to prove that the company was a foreign corporation and had an agent or representative in Harris County, Texas, at the time the suit was filed. It is conceded that it was a foreign corporation, and appellants contend that because Gulf Bitulithic Company was a resident of Harris County and a partner in the joint venture, the necessary venue facts were established. It is not necessary to prove a cause of action against the foreign corporation or the alleged agent or representative. An agent or representative, as contemplated by Subdivision 23 is shown by proof of " * * * a situation in which the business of the defendant is, in more or less regular

and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative'." Milligan v. Southern Express, Inc., 151 Tex. 315, 250 S.W.2d 194 (1952). A corporation may be such an agent or representative. ibid. A member of a joint venture possesses the broad powers of a partner to act for the others engaged in the enterprise on matters pertaining to the enterprise. Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554 (1925); Rice v. Lambert, 408 S.W.2d 287 (Tex.Civ.App., Corpus Christi, 1966); Eastep v. Travelers Ins. Co., 235 S.W.2d 732 (Tex.Civ.App., Ft. Worth, 1950, ref., n. r. e.). Both the pleadings and the evidence show that the cause of action asserted against the members of the joint adventure arose out of the prosecution of the adventure. Gulf Bitulithic Company was a representative of R. N. Adams Construction Company in matters within the scope of the joint adventure and was, therefore, a representative as contemplated by Subd. 27 of Art. 1995, R.C.S.

The evidence shows that the joint adventure was in existence at the time of the collision. There is no affirmative evidence that it continued on July 26, 1966, the date on which the suit was filed. The contract with the State of Texas provided that the work should be completed in 350 working days from January 13, 1965. A working day was defined as a calendar day not including Saturdays, Sundays, and legal holidays, in which weather or other conditions not under the control of the contractor, will permit the performance of the principal units of work underway for a continuous period of not less than seven hours from 7 a. m. to 6 p. m.

Neither this provision of the contract, nor any other evidence, establishes that the contract had been completed and accepted by the State. Since the existence of the partnership has been established, it will be presumed that it continued in ex-

istence for a reasonable time. In the absence of evidence to support a finding that it terminated prior to that date, a reasonable time would include the date on which the suit was filed. Mayhew v. McFarland, 137 Tex. 391, 153 S.W.2d 428 (1941); Mann, Mauck & Stephens v. Clapp & Brown, 1 White and Wilson Civ.App.Cas., § 504 (1883).

■ Since Harry Newton, Inc. is a Texas corporation venue as to it is governed by Subsection 23 of Art. 1995, R.C.S. To sustain venue under this subsection it is necessary to prove a cause of action against the corporation even though it may have an agency or representative in the county of suit. Venue in Harris County could also be sustained under Subdivision 4, Art. 1995, R.C.S., against the pleas of privilege of both corporations provided that a cause of action against either of the resident defendants was proven by a preponderance of the evidence, since the cause of action alleged against all the defendants arose out of the same transaction and the causes of action alleged against R. N. Adams Construction Company and Harry Newton, Inc., were so closely related to the causes of action against the resident defendants that they may be joined for venue purposes in order to prevent the application of the "rule intended to avoid a multiplicity of suits." Atlas Roofing Company v. Hall, 150 Tex. 611, 245 S.W.2d 477 (1952); James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959); Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747 (1923).

■ Since no findings of fact or conclusions of law were filed by the trial court, this Court must indulge every reasonable presumption in favor of any fact findings which will support the judgment of the trial court. Buckner & Sons v. Allen, 272 S.W.2d 929 (Tex.Civ.App., Austin, 1954, writ dism'd.).

Appellants contend that such a presumption should not be applied in this case in support of a finding that they failed to prove by a preponderance of evidence a cause of action against J. V. Harrison Truck Lines, Inc., because during the course of the trial the trial court stated that he failed to see the relevancy of proof of a cause of action against that company and that he didn't see that the acts or omissions of the driver would be pertinent facts at the hearing on the pleas of privilege since the plaintiff must prove some act or omission on the part of the party filing the plea of privilege constituting negligence so as to make that party a joint tort feasor. Appellants contend that the trial court would not permit the full and complete development of the venue issues in the case because the "mind of the Court was foreclosed against retaining venue in Harris County, Texas, under Subdivision 4 of Article 1995."

The record reflects that subsequent to the remarks of the court referred to, he permitted appellants to fully develop their case, admitting all depositions in full and listening to such portions of the depositions as any of the parties cared to read. The judgment recited:

"* * * and the Court proceeded to hear the evidence, the deposition testimony, the Pleas of Privilege filed by both Defendants, the controverting affidavits filed on behalf of the Plaintiffs and the argument of counsel, and the Court, having considered all of the evidence, is of the opinion that the Pleas of Privilege filed herein on behalf of Defendants, Harry Newton, Inc. and R. N. Adams Construction Company, should be sustained; * * *"

We cannot sustain appellants' position and must consider that the trial court found that appellants failed to prove a cause of action against either of the resident defendants. The rule to be followed is set out in Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953) in these words:

"In any event the rules announced in Compton v. Elliott, Tex.Com.App., 126 Tex. 232, 88 S.W.2d 91, 95, are controlling and should be followed by the Court

of Civil Appeals. The test on appeal from an order sustaining or overruling a plea of privilege is the same as in any other civil case. If the record on appeal raises the question of the insufficiency of the evidence to support the judgment of the trial court, and the appellate court is of the opinion that the evidence is insufficient, the Court of Civil Appeals has the right to remand the cause rather than render judgment. Aetna Life Insurance Co. v. Gallagher, 127 Tex. 553, 94 S.W.2d 410.

"If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal. This court, in the case of Wininger v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150, announced the correct rule when testing the probative force of the evidence when it said: 'The honorable Court of Civil Appeals had authority to reverse the judgment of the trial court on the preponderance of the evidence; but it could not render the judgment, if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff'—then it is to be concluded that there is evidence to support the verdict. See Compton v. Elliott, supra; Pennsylvania Fire Insurance Co. v. W. T. Waggoner Estate, Tex.Civ.App., 41 S.W.2d 340; affirmed, Tex.Com.App., 39 S.W.2d 593; Four States Grocery Co. v. Gray, Tex.Civ.App., 97 S.W.2d 355.

"*    *    *    *    *    *

"A new trial may always be ordered by the Court of Civil Appeals where the verdict or findings in the trial court are against the great weight and preponderance of the evidence if the point has been properly raised. See the Wininger case, supra; also in re King's Estate, 150 Tex.

662, 244 S.W.2d 660. However, if the evidence should not so greatly preponderate in favor of the plaintiff as to indicate that the finding of no negligence was the product of bias, then the duty of the Court of Civil Appeals would be to affirm the judgment of the trial court sustaining the plea of privilege."

Here there exists in the record evidence of sufficient probative force to support the implied findings of the trial court. We have carefully examined the entire record before this Court in light of appellants' contentions and we cannot find that the evidence so greatly preponderates in favor of the plaintiffs as to indicate that the trial court was actuated by bias or that he failed to consider the evidence pertinent under Subsection 4.

Finally, appellants urge that the trial court erred in transferring on plea of privilege, the case as to the Defendant Harry Newton, Inc. to the District Court of Young County, Texas, because the domicile, residence, and registered office and registered agent of Harry Newton, Inc. were in Freeport, Brazoria County, Texas, and not in Young County, Texas; therefore, it was error to transfer the cause to Young County, Texas.

■ There was no proof of the location of the registered office of Harry Newton, Inc. "Neither the petition nor the controverting plea may be looked to by the trial court for any venue facts. These facts must be proven by affirmative evidence on the hearing." Members Mutual Ins. Co. v. Tapp, 437 S.W.2d 439 (Tex. Civ.App., 14th Dist., 1969). A person has but one domicile, but he may have several residences and he may be sued in any county in which he maintains a residence. Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576 (1926).

In Ward v. Fairway Operating Company, 364 S.W.2d 194 (Tex.1963), the court held:

"We also ascribe to the legislature in the enactment of these Articles of the

Business Corporation Act an intent to establish a solution to the recurring problem of factually ascertaining the county in which the principal office of a corporation is located, and thus where it is domiciled, while, at the same time, by means of the retention of Subdivision 23 of Article 1995, continuing, for venue purposes, and as an exception to general venue in the county of residence, the right of suit against a corporation in the county where its principal office is situated in those instances where a corporation has elected to designate its registered office and agent elsewhere. Article 1995 provides that 'No person * * * shall be sued out of the county in which he has his domicile except in the following cases,' and there follows the various exception subdivisions, including subdivision 23."

■ The plea of privilege alleges that the principal place of business of Harry Newton, Inc., is Young County, Texas. Appellants contend that for venue purposes the registered office of a corporation is its legal residence and domicile for venue purposes and that it has no right to designate some other county as being its principal place of business for venue purposes. Subsection 23, Art. 1995, R.C.S., provides that suits against a private corporation may be brought in the county in which "its principal office is situated". Harry Newton, Inc., has alleged that its principal office is situated in Young County. While this allegation was controverted, there is no proof to the contrary. Had Harry Newton, Inc., been sued in Young County, a plea of privilege to be sued in the county in which its registered office is located (assuming it to be other than Young County) would not have been good. Ward v. Fairway Operating Company, supra; Hawk & Buck Co. v. Cassidy, 164 S.W.2d 245 (Tex. Civ.App., Amar., 1942). Since appellants elected to sue Harry Newton, Inc. in Harris County, it may select the county in which it maintains a residence on the filing of its plea of privilege. Tunstill v. Scott, 138

Tex. 425, 160 S.W.2d 65 (Tex.1942); Fouse v. Gulf, C. & S. F. Ry., 193 S.W.2d 241 (Tex.Civ.App., Ft. Worth, 1946); University of Texas v. Booker, 282 S.W.2d 740 (Tex.Civ.App., Texarkana, 1955).

The judgment of the Trial Court sustaining the plea of privilege of Harry Newton, Inc., and ordering the case against it transferred to the District Court of Young County, Texas, is affirmed. The judgment sustaining the plea of privilege of the defendant, R. N. Adams Construction Company, is reversed and judgment is here rendered that the plea of privilege be denied.

On Motions for Rehearing

■ On our original consideration of the appeal of R. N. Adams Construction Company, the Court erroneously assumed that this company was a party to the suit when it was instituted on July 26, 1966. It has been brought to our attention that the company was not made a party until October 13, 1967. There is no evidence that the contract creating the joint adventure remained in existence on October 13, 1967, and we cannot presume that the relationship continued for such a length of time in view of the completion date contained in the contract with the State of Texas. There is no evidence that R. N. Adams Construction Company had an agent or representative in Harris County when it was made a party to the suit. Venue as to it cannot be sustained under Subdivision 27, Article 1995, V.A.T.S.

■ Article 1995, V.A.T.S., provides that no inhabitant of this State shall be sued out of the county in which he has his domicile, except in specified instances enumerated therein. We construe the opinion of the Supreme Court in Ward v. Fairway Operating Company, 364 S.W.2d 194 (Tex.1963), as holding that the county in which a corporation maintains its principal office constitutes the domicile of that corporation, and that the county in which the registered office of the corporation is located is a statutory place of residence of

the corporation. We do not understand the case to hold that the statutory place of residence is the only place of residence of a corporation. The county in which a corporation maintains its principal office is the domicile and *a* place of residence of the corporation.

An allegation that a corporation has its principal place of business in a certain county is an allegation of the fact of residence in that county. Harry Newton, Inc. and R. N. Adams Construction Company alleged in their respective pleas of privilege the name of the county in which each maintained its principal place of business. All parties stipulated to the counties in which each of these corporations maintained its office and principal place of business. The judgment of the trial court properly ordered the case, as to each of the corporations, transferred to the county of its principal place of business.

The motion for rehearing of R. N. Adams Construction Company is granted. The motion for rehearing of James R. Vines et al is denied. The judgment of the Trial Court is affirmed.