**CENTRAL AND SOUTHERN FREIGHT LINES, INC., Appellant,**

v.

**David HATLEY, Appellee.**

No. 8902.

Court of Civil Appeals of Texas, Texarkana.

March 24, 1981.

Rehearing Denied April 22, 1981.

Central and Southern Freight Lines, Inc. is a foreign corporation incorporated in the State of Tennessee with its home office in Memphis. It transacts business in interstate commerce and as a part of that business transports specialized commodities into, out of, or through the State of Texas. It does not maintain a terminal facility in Texas and owns no assets located in the State.

Central and Southern Freight Lines, Inc. has neither obtained nor sought a certificate of authority to do business in Texas as a foreign corporation pursuant to the Texas Business Corporation Act. Appellant does conduct operations within Texas under certificates issued by the Interstate Commerce Commission and the Railroad Commission of Texas. A designation of an agent for service of process has been filed with the Railroad Commission of Texas pursuant to the requirements of federal and state statutes and regulations governing interstate motor carriers. On December 7, 1979, David Hatley, appellee, was injured in a collision between his vehicle and a Central and Southern truck. Although the collision occurred in Dallas County, Texas, suit was filed in Harrison County. Appellant filed a plea of privilege in proper form asserting its residence for venue purposes to be in Travis County, the location of its agent for process. David Hatley did not plead any of the exceptions to the right of a defendant to be sued in the county of its residence as set forth in Article 1995, Tex.Rev.Civ.Stat. Ann., but asserted that appellant was not a resident of the State of Texas and therefore had no right to be sued in any particular county.

The trial court made fact findings,

"1. That Central and Southern Freight Lines is a foreign corporation created under the laws of the State of Tennessee.

2. That Central & Southern Freight Lines does not, and has not at all times relevant to this matter, maintain a business agent or business of-

Kenneth S. Beat, David Kitner, Strasburger & Price, Dallas, for appellant.

Robert Bean, Bean, Francis, Wills & Dennis, Dallas, for appellee.

BLEIL, Justice.

This appeal is from an order overruling a plea of privilege. David Hatley sued Central and Southern Freight Lines, Inc. in the District Court of Harrison County, Texas, to recover for injuries sustained in a collision which occurred in Dallas County. Central and Southern Freight Lines, Inc. filed a plea of privilege. David Hatley did not plead any exception to the venue statute, but urged that the privilege could not be claimed since Central and Southern Freight Lines, Inc. was not a resident of Texas.

The issue is whether the appellant is an inhabitant of the State of Texas so as to be able to claim the privilege to be sued in the county of its domicile. We hold that it is not an inhabitant of Texas and affirm the judgment of the trial court.

fice or place of business within the State of Texas.

3. That Central and Southern Freight Lines, Inc. has not filed with the Secretary of State of Texas, a designation of a registered agent and office, for service of process.

4. Central and Southern Freight Lines, Inc. has filed with the Texas Railroad Commission a form listing the name and address of its designated agent for service in Texas...".

On these facts the trial court concluded that Central and Southern Freight Lines, Inc. is not a Texas resident for venue purposes and that it has no right to urge a plea of privilege to be sued in the county of its residence.

Since the early days of jurisprudence within this State, the very valuable right of a person to defend a suit in the county of his residence has been upheld. The dominant purpose of our venue statutes is to give a person who has been sued the right to defend against the suit in the county of his residence. Since the case of *Pool v. Pickett*, 8 Tex. 122 (1852), this rule has been consistently followed. *A. H. Belo Corporation v. Blanton*, 133 Tex. 391, 129 S.W.2d 619 (1939); *Meredith v. McClendon*, 130 Tex. 527, 111 S.W.2d 1062 (1938).

Article 1995, Tex.Rev.Civ.Stat.Ann., sets out the general venue rules applicable in this State. The Article provides:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: ..."

Thereafter follow the exceptions to the general venue rule. Ordinarily, to deprive a defendant of the right of trial in the county of his domicile, the plaintiff must allege and prove that the case comes within one of the exceptions to the rule. *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935); *Lasater v. Waits*, 95 Tex. 553, 68 S.W. 500 (1902). Rule 86, Texas Rules of Civil Procedure, provides the manner in which a plea of privilege to be sued in the county of one's residence shall be prepared, sets forth the proper contents of the plea, and re-

quires the party claiming the privilege to specify that no exception to exclusive venue in the county of one's residence exists. Central and Southern Freight Lines, Inc. duly filed its plea of privilege.

There is no issue in this controversy as to whether an exception to the general venue rule is applicable. David Hatley, appellee, simply says that appellant is not entitled to the privilege by reason of the fact that it is not a resident of the State. We then look to see whether Central and Southern is an "inhabitant" or one having residence in this State as required by Article 1995, Tex.Rev. Civ.Stat.Ann., and Rule 86, Tex.R.Civ.P., respectively. The terms "inhabitant" and "resident" are synonymous and the terms "domicile" and "residence" are also used interchangeably for venue question purposes. *Pittsburg Water Heater Co. v. Sullivan*, 115 Tex. 417, 282 S.W. 576 (1926); *McMullen v. Burton Auto Spring Corporation*, 138 S.W.2d 823 (Tex.Civ.App.-Dallas 1940, no writ).

A Texas corporation for venue purposes is a resident of the county where its designated registered office and agent is located. *Ward v. Fairway Operating Company*, 364 S.W.2d 194 (Tex.1963). This same rule has been extended to foreign corporations doing business in Texas.

Where a foreign corporation doing business in this State has a duly registered agent pursuant to the Texas Business Corporation Act, that foreign corporation is a resident of the county in which the registered agent is located at the time suit is filed. *Sheldon Petroleum Co. v. Peirce*, 546 S.W.2d 954 (Tex.Civ.App.-Dallas 1977, no writ). Our Texas Business Corporation Act, Tex.Rev.Civ.Stat.Ann. art. 8.01 B(9), provides that foreign corporations shall not be considered to be transacting business in this state by reason of any business in interstate commerce.

When all of the residence facts are considered, it is apparent that no purposes of the general venue rule are served by extending to Central and Southern Freight Lines, Inc. the right to a plea of privilege as

is given to persons domiciled in this State. Central and Southern Freight Lines, Inc. is not a Texas corporation. It is not a foreign corporation authorized to transact business in this State with a registered agent for service of process. It does no business in this State. It has no warehouse, depot, office or any type of facility whatsoever that it might call "home" in this State. The mere fact that as an interstate motor carrier it is required to name a registered agent for service is not sufficient, in itself, to make it an inhabitant, a resident, or one domiciled in this State.

The basic reasons behind our general venue rule and the right provided to be sued in the county of one's residence is grounded on the notion that one who is sued should ordinarily not be required to go to a strange place where he is unknown to defend the suit. The rule gives the citizens of this State the right to be sued in their home community where they work, live and are known, absent proof by the other party that the suit comes within one of the well defined exceptions to the general rule. For the reason that it is not an inhabitant of this State, Central and Southern Freight Lines, Inc. has no right to urge a plea of privilege.

The judgment is affirmed.